THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* LAVON LOGAN, Defendant-Appellant.

(No. 12285;

Fourth District—October 17, 1974.

John F. McNichols and J. Daniel Stewart, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy, for the People.

Mr. PRESIDING JUSTICE SMITH delivered the opinion of the court:

The defendant appeals from a judgment of the circuit court of Adams County imposed on a jury verdict finding him guilty of violation of his bail bond while on bail for a misdemeanor and a 1-year sentence imposed on the jury's verdict. The sentence was to be served consecutive to any other sentence the defendant was then serving. The defendant contends that the sentence is excessive and should be reduced to run concurrently with the other sentences the defendant is serving.

■■ This sentence was imposed after the Unified Code of Corrections became effective January 1, 1973. (Ill. Rev. Stat. 1973, ch. 38, par. 1001—

1—1 *et seq.*) Accordingly, the issue here must be decided in accordance with its terms. *People v. Harvey,* 53 Ill.2d 585, 294 N.E.2d 269.

At the time this sentence was imposed, the defendant had appealed a 2- to 4-year sentence on a jury verdict finding him guilty of the crime of intimidation. (*People v. Logan,* 17 Ill.App.3d 1025, 309 N.E.2d 251.) The conviction was reversed by this court following the sentence imposed in the instant case. Likewise the defendant had been convicted of armed robbery and sentenced to the penitentiary for a period of 5 to 20 years and that conviction was considered in this court and the judgment was reversed and remanded to the trial court for further proceedings (*People v. Logan,* 16 Ill.App.3d 870, 307 N.E.2d 200.) The defendant had been sentenced to serve 15 to 30 years in the penitentiary for armed robbery and that conviction and sentence is still pending in this court.

In requesting the court to impose a consecutive sentence, the State's attorney stated that it should be made consecutive to have any meaning whatsoever even though the sentence was to the State Farm at Vandalia for a period of 1 year. The defendant contends that the defendant's sentence should not be consecutive because he was already serving this 15- to 30-year sentence and a consecutive sentence of 1 year at the State Farm would be a "very discouraging factor" with respect to the defendant's rehabilitation, and that a consecutive sentence is not required "to protect the public from further criminal conduct by the defendant." While it is true that violation of the bail bond is not an offense that would per se subject the public to any serious danger to the property or persons of the body politic, it is nevertheless made a criminal act under our laws.

■■ Nevertheless the sentence here imposed was to be served consecutively to any other sentence the defendant was then serving. Such a sentence is too broad and too indefinite and should identify in the judgment order the sentence to which it is consecutive. In *People v. Walton,* 118 Ill.App.2d 324, 254 N.E.2d 190, this court held that a sentence to commence in the future must be so certain that the termination of the first term and the commencement of the second must be ascertainable from the record without the necessity of construing or supplementing that record. (See also *People v. Toomer,* 14 Ill.2d 385, 152 N.E.2d 845.) Where, as here, the order fails to clearly define the limits of the sentence intended to run consecutively, the cause must be remanded for proper sentence. Accordingly, the judgment of conviction is affirmed, the sentence is vacated and the cause is remanded with directions to enter an appropriate sentence in accordance with the views herein expressed.

Affirmed in part; reversed in part, and remanded with directions.

TRAPP and CRAVEN, JJ., concur.