THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* JAMES THOMAS, Defendant-Appellant.

(No. 12636; ▮▮▮▮▮▮▮▮)

Fourth District—March 27, 1975.

John F. McNichols and John L. Swartz, both of State Appellate Defender's Office, of Springfield, and Edward R. Green, Law Student, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (John W. Foltz, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE SIMKINS delivered the opinion of the court:

Defendant, James Thomas, appeals from his conviction following a jury trial of armed robbery and from a sentence imposed of 5 to 15 years' imprisonment. The only issue before this court is whether defendant was proved guilty beyond a reasonable doubt.

The evidence adduced at trial is as follows: Richard McGinnis of Heyworth, Illinois, testified that at approximately 10:30 P.M., on May 8, 1973, he was sitting in his living room with Paul Allen, Sherry Benjamin and Patricia Quinn. He stated that he happened to notice a car moving slowly down the road in front of his house. He identified the car as a brown 1961 Chevrolet, although he admitted that he stated the car to be green when reporting the incident to the police and when testifying at the preliminary hearing. He stated that he went into the front yard to investigate further when a dark masked figure holding a shiny object in his back told him to "hold it." Two other men then approached and accompanied McGinnis into the house. He testified that he and his friends were placed in the living room by the three men. He stated that all three wore dark clothes and coats and two wore stocking masks. He stated that one of the masked men appeared to be black, was thin, and wore dark-rimmed glasses. The other masked man was stocky. He stated that they were then told by the unmasked individual to empty their pockets and were asked by the stocky individual where the guns and money were. He stated that he led the unmasked individual and the stocky individual into his bedroom and gave them his pistol and $800 in cash. He was then hit over the head by one of them. After getting up, he noticed that the thin man was guarding his guests with a revolver. While the unmasked and stocky individuals were in another room, he looked at the thin man carefully in the lighted living room. He stated that he walked by the thin man at the distance of about a foot and a half. He testified that the thin man's thick rimmed glasses magnified his eyeballs. He further testified that after the house had been gone through by the other robbers, the thin man tied up everyone. The three then left after being in the house for approximately 15 minutes. He then identified defendant as the thin man. Before the trial McGinnis identified defendant at a lineup consisting of five black individuals dressed similarly. The defendant was only identified by McGinnis when the lineup was conducted with each defendant wearing a pair of glasses that was passed around.

Allen testified that the thin man carried a knife, that he looked "right at him" at close range while in the living room, and that the thin man frisked him and took his pocket watch. He was also tied up by the thin man in the lighted bedroom. He then identified defendant as the thin man. He also identified defendant at the lineup, but also could not make an identification until defendant put glasses on.

Benjamin and Quinn also identified defendant as the thin robber. Benjamin stated that she saw him close up while he was tying her, but that it was difficult to see through the mask. Quinn testified that she had

no problems seeing defendant's face because he was standing 2 or 3 feet from her in the living room. Quinn also identified defendant at the lineup while he was wearing glasses.

Pursuant to a call from an informant on the morning of May 9, Illinois State Police began surveillance in the Peoria area and observed a white and brown 1961 Chervolet matching the description given by the informant. He stated that he and Officer Crady of the Peoria Police Department followed the car occupied by three black males. The McLean County sheriff's office was then notified, and the car was stopped near Bloomington. The defendant was driving the car. Detective Brown searched the car and found a paring knife, a .22-caliber shell, and a knotted silk stocking. Floyd Shroeder, a McLean County deputy sheriff, testified that when defendant was booked a gold Swiss pocket watch was found in one of his pockets. The watch was identified by Allen during his testimony as the one stolen from him.

Defendant testified that at 10 P.M., on the evening in question he and Paul Johnson were at the residence of Margaret Witherspoon and Curt Harris at 1102 South Lee Street in Bloomington, Illinois.. He stated that he arrived there around 7 P.M., and left at 11:45 P.M., after playing cards, listening to music, and drinking. He further stated that he and Johnson left the house in Johnson's 1961 Chervolet and drove to a club in Bloomington for a drink. Johnson went inside and came back with Sam Reed who suggested they drive to Peoria for some fun. He stated that he met a lady at a tavern in Peoria and left his friends to be with her. He stated that he spent the night with the lady and went back to the tavern the next morning. He stated that he was then approached by a strange black man in flashy clothes who offered to sell him a watch for $15. He testified that since the price was good, he decided to purchase the watch. He stated that later in the morning Johnson and Reed arrived back at the tavern. He denied any participation in the robbery or knowledge of how the stocking or shell got underneath the back seat of Johnson's car.

Margaret Witherspoon testified that defendant was at her residence from 7:30 P.M., until 11:45 P.M., on the evening in question. She stated that defendant did not leave her house during this period. She further testified that she remembered the date clearly because of its relation to her daughter's menstrual period and Harris' application for unemployment compensation. She stated that she, defendant, Harris and Johnson played cards the entire evening, and that she then ordered them to leave so she could go to bed. She stated that she believed that they then went to the Third Ward Club in Bloomington.

The watch was admitted into evidence, but the stocking found under

the back seat of the car was not. The jury then returned a verdict of guilty, and defendant was later sentenced to 5 to 15 years' imprisonment.

Defendant's only contention is that he was not proved guilty beyond a reasonable doubt. We find absolutely no merit to this argument. The record indicates that defendant was identified by McGinnis, Allen, Benjamin and Quinn at the trial and was identified by three of them at the lineup. The rooms at the scene of the robbery were lighted, the witnesses were in close proximity to defendant, and they had a substantial amount of time to observe defendant. The eye witnesses' identification of defendant was supported by the fact that defendant was arrested the morning after the incident with a watch stolen during the robbery in his pocket. He was arrested with another individual who was also identified as a participant in the robbery. Furthermore, defendant was arrested while driving a 1961 Chevrolet. McGinnis stated at trial and when reporting the incident that the car he had observed in front of his house was a 1961 Chevrolet. On the basis of the record before us defendant was proven guilty beyond a reasonable doubt. We note that the jury obviously chose not to believe the testimony of defendant and his alibi witness.

Accordingly, the judgment of the circuit court of McLean County is hereby affirmed.

Judgment affirmed.

GREEN and TRAPP, JJ., concur.