THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SAM NORMAN REED, Defendant-Appellant.

Fourth District   No. 13359

Opinion filed August 29, 1977.

Thomson, Thomson, Zanoni & Flynn, of Bloomington (Mike McElvain, of counsel), for appellant.

Ronald Dozier, State's Attorney, of Bloomington (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Indictment was returned against defendant Sam Norman Reed for the May 8, 1973, armed robbery of Richard McGinnis. In a jury trial defendant was found guilty of robbery, a violation of section 18—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1973, ch. 38, par. 18—1). He was sentenced to a 3- to 9-year indeterminate imprisonment term. This sentence was to run consecutive to the sentences to be served by defendant in California. On appeal, defendant contends that he was ineffectively represented by counsel, that the evidence was insufficient to support the robbery conviction, and that the consecutive sentence was improper.

This court has previously been confronted with this factual situation in *People v. Thomas* (1975), 26 Ill. App. 3d 408, 325 N.E.2d 404. For our purposes we need not set forth as detailed a factual description as presented in *Thomas*.

At trial, defendant admitted to being present during the armed robbery of the McGinnis residence perpetrated by Paul Johnson and James Thomas. He testified that he had earlier met Johnson and Thomas and went with them to the McGinnis residence. Defendant knocked on the door and it was opened by McGinnis. Defendant testified that Johnson and Thomas then proceeded to commit the armed robbery upon the people inside. Defendant related that he went inside and watched the offense but did not participate. He further related that he wore a stocking over his head because one of his companions told him to do so to avoid recognition. He also admitted that he left with Johnson and Thomas. Defendant testified that he did not report the robbery because he is a heroin addict and feared being put into jail. Three victims identified defendant as a participant in the robbery.

On October 25 and October 29, 1973, respectively, Thomas and Johnson went on trial for the May 8, 1973, armed robbery. They were represented by Marvin Gesell, the public defender for McLean County. They each raised an alibi defense. In a separate trial on March 17, 1975, defendant was tried for the May 8, 1973, armed robbery. He also was

represented by Mr. Gesell. Defendant's defense was that he was present but that he was not a willing participant in the robbery.

■■■ Defendant first contends that his counsel owed professional loyalty to defendant and to Johnson and Thomas and, since their defenses conflicted he was denied effective legal assistance. In some cases the circumstances surrounding dual legal representation are so conflicting that it can be concluded "per se" that defendant was denied effective legal assistance. (See *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569; *People v. Johnson* (1970), 46 Ill. 2d 266, 265 N.E.2d 869; *People v. Ware* (1968), 39 Ill. 2d 66, 233 N.E.2d 421.) We do not so find in this case. There is also no actual prejudice shown here. The alleged prejudice, that Gesell could not call his other clients to testify, is speculative. There is no indication that Gesell would have called them or that their testimony would have been helpful to defendant. A defendant must show he was prejudiced by being represented by the same counsel as his co-defendant and that the result might have been different had he been represented by different counsel. (*People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E.2d 461; *People v. McCasle* (1966), 35 Ill. 2d 552, 221 N.E.2d 227.) In this case defendant has failed to show actual prejudice or that the result might have been different with different counsel.

■■ Defendant also contends that the evidence was not sufficient to support the verdict of guilty for robbery although he concedes that there was substantial justification for returning a guilty verdict for armed robbery. Clearly, if the armed robbery elements were proved, the elements of robbery were also proved. Defendant argues that, consistent with the evidence presented, the jury could only have returned a verdict for armed robbery, rather than a verdict for robbery. In effect, defendant is asserting that the jury should not have been instructed on and given verdict forms for the lesser included offense of robbery. Defendant, however, neglects to mention that it was he who requested and submitted the instructions and verdict forms for the offense of robbery. Nor does the defendant mention that his trial counsel in both opening and closing arguments suggested to the jury that a verdict of guilty of robbery was a proper verdict. We find that defendant is estopped from raising this argument on appeal because a defendant cannot try his case before the jury on one theory and then depart on a radically new direction with a different inconsistent theory on appeal. (*Johnson v. United States* (1943), 318 U.S. 189, 87 L. Ed. 704, 63 S. Ct. 549; *People v. Realmo* (1963), 28 Ill. 2d 510, 192 N.E.2d 918.) Since defendant actually invited, procured, participated, and acquiesced in the alleged error, he cannot now use it as a vehicle for reversal. (*People v. Roper* (1971), 133 Ill. App. 2d 910, 272 N.E.2d 667 (abstract), *cert. denied* (1972), 405 U.S. 922, 30 L. Ed. 2d 794, 92 S. Ct. 961.) In any event defendant waived the issue on appeal by

failing to raise it in his post-trial motion. *People v. Rogers* (1975), 32 Ill. App. 3d 788, 336 N.E.2d 784; *People v. Sparks* (1975), 26 Ill. App. 3d 278, 325 N.E.2d 49.

Defendant further contends that the imposition of the consecutive sentence constituted error because (1) the trial judge failed to state that a consecutive sentence was required for the protection of the public and (2) the trial judge failed to give particular consideration to the nature of the offense or the history and character of the defendant. We find no merit to the latter argument as the record clearly discloses that the trial judge did consider the nature of the robbery offense and the history and character of the defendant.

■■ Section 5—8—4(b) of the Unified Code of Corrections provides: "(b) The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b).)

It is our view that the legislature framed this statute in language that relieves the trial judge of any obligation to make an express finding in the record that the imposition of a consecutive term of imprisonment was required to protect the public from further criminal conduct by the defendant. If the record discloses that prior efforts by courts or correctional facilities have failed to accomplish the objective of deterrence or rehabilitation, it becomes evident that the imposition of a consecutive sentence by the trial judge has for its purpose the protection of the public from further criminal conduct by the defendant.

■■ In this case, defendant was a 37-year-old, admitted heroin addict. Starting in 1956, defendant had engaged in a succession of criminal activities. In 1956, while in the armed services, defendant was found guilty of larceny. In 1964, 1965, and 1967 defendant was convicted of separate California unemployment insurance violations. In 1965, he was found guilty of violations of the Dyer Act in New Mexico. In 1968 defendant was convicted in California of possession of narcotics and possession of firearms as an ex-felon. In 1969 he was found guilty of a Federal drug offense. In 1972 defendant was convicted of shoplifting, possession of stolen mail, and two separate offenses of heroin possession. In 1973 sale and possession of heroin convictions were entered against defendant. In 1974 he was found guilty of possession and sale of heroin. In the same year he was convicted of a violation of the California Health and Safety Code. Also in 1974, defendant's probation for the 1968 California narcotic and firearm offenses was revoked and defendant was sentenced

to a 2- to 10-year prison term for the former offense and to a 6 month to 15 year prison term for the latter offense. Defendant was serving this sentence when extradited to Illinois to stand trial for the present robbery offense. In light of defendant's extensive criminal record, the nature and circumstances of the crime and the history and character of the defendant, the trial judge could have properly found a basis in the record to justify the imposition of the consecutive sentence so as to protect the public from further criminal activity by the defendant.

■■ The record on appeal, however, fails to disclose the termination date of the California sentence which is to run consecutive to the sentence imposed by the trial court here. In *People v. Logan* (1974), 23 Ill. App. 3d 41, 318 N.E.2d 94, we held that "[w]here, as here, the order fails to clearly define the limits of the sentence intended to run consecutively, the cause must be remanded for proper sentence." (23 Ill. App. 3d 41, 42, 318 N.E.2d 94; accord *People v. Toomer* (1958), 14 Ill. 2d 385, 387-88, 152 N.E.2d 845.) A remand, however, is not an absolute requirement in all such cases because reviewing courts do have the authority to reduce punishment imposed by the trial court. Supreme Court Rule 615(b)(4) (58 Ill. 2d R. 615(b)(4)).

Accordingly, we affirm defendant's conviction for robbery and hereby reduce the sentence imposed thereon to a 3- to 9-year term of imprisonment. Cause remanded to the circuit court for entry of an amended mittimus in accordance with this opinion.

Affirmed in part; modified in part, and remanded with directions.

CRAVEN, P. J., and TRAPP, J., concur.