THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* SIDNEY E. GORECKI, Defendant-Appellant.

Fourth District   No. 14454

Opinion filed November 4, 1977.

Richard J. Wilson and David Bergschneider, both of State Appellate Defender's Office, of Springfield, for appellant.

Edwin R. Parkinson, State's Attorney, of Jacksonville (Robert C. Perry, of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE GREEN delivered the opinion of the court:

After bench trial in the Circuit Court of Morgan County, defendant Sidney E. Gorecki was found guilty of burglary and sentenced to 5 to 15 years imprisonment. On appeal he contends (a) that because of a conflict of interest by his trial attorney, he was deprived of effective assistance of counsel, and (b) that error occurred when, after the prosecution had responded to a discovery order by saying that it knew of no oral statement made by defendant, the trial court admitted evidence of such a statement.

At trial, the principal prosecution evidence was the testimony of three police officers. In answer to a phone call, they had gone to a dwelling house where two of them stepped onto the porch. Looking into the front window, those officers saw defendant rummaging through boxes in the living room and a juvenile in the kitchen holding a lamp and looking on the floor. Upon entering the house, the officers discovered the two subjects in hiding. The juvenile had a guitar extension cord in his pocket. The owner of the house identified the guitar extension cord as his and testified that the two subjects had no authority to be in the house. When the State offered the guitar extension cord into evidence, defense counsel objected stating that since the cord came from the juvenile and not the defendant, the cord was immaterial. Counsel also stated that he had represented the juvenile in a delinquency proceeding concerning the occurrence and was not now able to call him as a witness "or I wouldn't want to, because I represented him at that time, and I think it would be a conflict of interest if I were to try to put him on the stand and go into how he came into possession * * *." The objection was overruled and the cord admitted. No other reference to a conflict of interest upon the part of defense counsel was made at any time until the issue was raised on appeal.

■■ The parties do not dispute that the Sixth Amendment entitles an accused to representation by an attorney who is unemcumbered by a conflict of interest unless the accused has understandingly waived that conflict of interest. In *People v. Stoval* (1968), 40 Ill. 2d 109, 239 N.E.2d 441, the supreme court ruled that where defense counsel had served several times in the past as counsel for the victim of the crime, the defendant did not need to prove that he had been prejudiced by this fact in order to show that he had been deprived of his right to effective assistance of counsel. The same *per se* rule was applied in *People v. Kester* (1977), 66 Ill. 2d 162, 361 N.E.2d 569, where the defense counsel had previously served in a routine aspect of the same case as an assistant prosecutor and in *People v. Coslet* (1977), 67 Ill. 2d 127, 364 N.E.2d 67, where defense counsel had also served as attorney for the personal representative of the estate of the victim, the defendant's deceased

husband, under circumstances whereby the estate might benefit from her conviction. Many appellate court cases, including our decision in *People v. Cross* (1975), 30 Ill. App. 3d 199, 331 N.E.2d 643, have applied the same rule.

On the other hand, in *People v. Somerville* (1969), 42 Ill. 2d 1, 245 N.E.2d 461, decided after *Stoval,* the supreme court determined that an accused in a criminal case who was represented by an attorney who also represented another defendant in the same case was not shown to have been deprived of effective assistance of counsel unless it was shown that he had been prejudiced by the dual representation. Similarly in *People v. Precup* (1977), 50 Ill. App. 3d 23, 365 N.E.2d 1007, *appeal allowed,* ___ Ill. 2d ___, dual representation of defendants who had the same general alibi but whose version of their activities during the alibi period varied slightly was ruled not to give rise to a violation of the right to counsel where no prejudice to either defendant arose from the dual representation. In *People v. Reed* (1977), 51 Ill. App. 3d 479, 366 N.E.2d 1137, a defendant was represented at trial by an attorney who had previously represented others accused of participating in the same offense. In seeking reversal of a conviction, defendant argued on appeal that his rights were violated because his trial counsel would have been inhibited in calling the other participants as witnesses. In affirming, this court noted that no showing was made that defendant would have had occasion to call the other participants or that their testimony would have been helpful to him.

■■■ When an individual charged with the commission of a crime is on trial, any others alleged to have been involved in the commission of the crime are potential witnesses, usually potential eyewitnesses, who could be called to explain the conduct of the accused on trial. The ABA Standards for Criminal Justice, The Defense Function §3.5(b) (1971) recommends that dual representation of those charged with the same offense poses such a danger of conflict of interest that such representation be seldom undertaken. No case has been called to our attention, however, which rules that such representation without the accused's knowing waiver is a denial of effective assistance of counsel *per se.* Here, unlike in *People v. Drysdale* (1977), 51 Ill. App. 3d 667, 366 N.E.2d 394, relied upon by defendant, the testimony of the defense counsel's client was not used by the State to prove their case and no need existed to impeach that testimony. No showing was made that any discrepancy existed between the version of the defendant and the juvenile nor was there any indication that the juvenile's testimony would have been beneficial to the defense. The record merely shows, as in almost all situations of dual representation, that the defense counsel's other client was an occurrence witness. No sufficient showing is made that this constituted a conflict of interest.

The record does not show the specific nature of the court's discovery order. A 1½-page document filed by the State in response to the order set forth in part, "2. The defendant did not make an oral statement." The same document also listed Captain Robert Brune as a possible State's witness and stated that his written report was enclosed. That report made reference to Brune having talked to defendant and defendant having told Brune that he, defendant, had taken a lawn mower from the garage of the burgled house and left it in the yard of his girlfriend's house. Evidence was introduced at trial that the lawn mower had been taken from the garage and was found in the girlfriend's yard. Brune testified that defendant told him that the lawn mower was at the girlfriend's but did not tell him that he, defendant, took it or how it got there. The defendant then moved to strike the testimony because of the State's discovery response stating that defendant had made no oral statement. Defense counsel admitted receiving a copy of Brune's report but said that he had not read it and didn't know that Brune claimed that the defendant had made this admission. The prosecutor maintained that defendant's conversation with Brune did not constitute the giving of an oral statement. The court denied the motion to strike. The defense did not ask for a continuance or recess but the court declared a 5-minute recess.

Defendant did not testify. The theory of his defense was that the State could not prove that he entered the house with felonious or larcenous intent. He argues that for this reason he was greatly prejudiced by the surprise use by the State of his admission that he knew of the whereabouts of the lawn mower because this was highly probative evidence of his having taken the mower and thus probative of his intent to steal. What alteration in strategy he would have used had he known of the admission, however, is highly speculative. Since the case was a.bench trial, a short continuance would appear to have been sufficient to remedy any damage which would have occurred because of the surprise. He made no request for a continuance. In *People v. Jackson* (1977), 48 Ill. App. 3d 769, 363 N.E.2d 392, this court indicated that the suppression of probative evidence was not looked upon with favor as a remedy for omissions in furnishing discovery.

■■ The instant case differs from *People v. Parton* (1976), 40 Ill. App. 3d 753, 354 N.E.2d 12, and *People v. Payne* (1976), 44 Ill. App. 3d 502, 358 N.E.2d 409, cited by defendant. Those cases involved the failure to furnish information to which the defendant was ruled to have a constitutional right under the doctrine of *Brady v. Maryland* (1963), 373 U.S. 83, 10 L. Ed. 2d 215, 83 S. Ct. 1194. No denial of a constitutional right was involved in the discovery omission here. Moreover, the failure of the State here was not in failing to advise the defense of the defendant's admission but in not categorizing his conversation as a statement. Had

defense counsel examined the police report given, he would have become aware of the admission. Under all of the circumstances, we do not deem the trial court's refusal to strike the testimony to have been an abuse of discretion.

The conviction and sentence are affirmed.

Affirmed.

MILLS and WEBBER, JJ., concur.