(No. 30576.— )

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOSEPH JAZORAK, Plaintiff in Error.

*Opinion filed May 20, 1948—Rehearing denied September 15, 1948.*

JOSEPH JAZORAK, *pro se.*

GEORGE F. BARRETT, Attorney General, of Springfield, (A. FRED KENDALL, State's Attorney, of Watseka, of counsel,) for the People.

Mr. CHIEF JUSTICE MURPHY delivered the opinion of the court:

In 1931, plaintiff in error, Joseph Jazorak, was indicted in the circuit court of Iroquois County for robbery while armed. Upon being arraigned, he entered a plea of guilty. On August 21, 1931, he was sentenced to the penitentiary. The pertinent part of the judgment is that he be confined in the penitentiary "for an indeterminate period of not less than one year and may extend to his life, according to law. * * * And it appearing to the Court that the defendant Joseph Jazorak has this day been sentenced by this Court to imprisonment in the Illinois State Penitentiary for a term of thirty-two years for the crime of murder. It is Therefore ordered and adjudged that the imprisonment of said defendant Joseph Jazorak under the sentence

imposed against him in the pending Case No. 2985, shall not commence until the expiration of the imprisonment under said sentence of said defendant for said crime of murder."

Plaintiff's sole assignment of error is that the judgment order is vague, indefinite, uncertain, inconsistent and unintelligible, in that the time for beginning the sentence in this case is not certain and definite. He bases his argument on the holding in *People* v. *White*, 377 Ill. 251, and other cases. In that case the judgment order failed to define the limits of the sentences intended to run consecutively, but the judgment in the instant case is distinguishable from the judgment in the *White case.*

The statute in force in 1931, when plaintiff in error was convicted, provided that upon conviction for armed robbery a person "shall be imprisoned in the penitentiary for any term of years not less than one year or for life." Smith-Hurd Stat. 1931, chap. 38, par. 501.

In *People* v. *Loftus,* 395 Ill. 479, several sentences were pronounced to run consecutively. It was held consecutive sentences were neither void nor erroneous. In the case at bar, the sentence for the crime of robbery was not to commence until the expiration of the imprisonment for the crime of murder, which was for thirty-two years, at which time the sentence of "one year and may extend to his life," until discharged by due course of law would begin to run. In the *Loftus case* we held that it was not necessary that the judgment fix the day on which each successive term of imprisonment commences, but it was sufficient that every successive term begins at the expiration of the next previous one. Other cases in which consecutive sentences have been sustained are *People* v. *Wooten,* 392 Ill. 542; *Johnson* v. *People,* 83 Ill. 431.

From the foregoing, it is apparent that plaintiff's contention is without merit. The judgment is affirmed.

*Judgment affirmed.*