**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**William John NICKLES,**
**Defendant-Appellant.**

**No. 74–2739**
**Summary Calendar.**\*

United States Court of Appeals,
Fifth Circuit.

March 14, 1975.

Rehearing Denied April 11, 1975.

Terry S. Freedman, Orlando, Fla. (Court appointed), for defendant-appellant.

John L. Briggs, U. S. Atty., Peter Dearing, Asst. U. S. Atty., Jacksonville, Fla., Harrison T. Slaughter, Jr., Asst. U. S. Atty., Orlando, Fla., for plaintiff-appellee.

Before WISDOM, GOLDBERG and GEE, Circuit Judges.

PER CURIAM:

Appellant William John Nickles was indicted for the possession and distribution of a controlled substance listed in Schedule III, 21 U.S.C. § 812, in violation

---

\* Rule 18, 5 Cir.; *see* Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir. 1970, 431 F.2d 409, Part I.

of 21 U.S.C. § 841(a)(1). Convicted by a jury on both counts and sentenced, he brings this appeal.

 The appeal presents a single issue. Nickles asserts that in order to establish that the substance in his possession, phencyclidine hydrochloride, was a controlled substance within Schedule III, the Government was obliged to prove at his trial that it had a depressant effect on the central nervous system. We disagree with Appellant, and accordingly affirm the conviction.

Title 21 U.S.C. § 812, Schedule III(b) includes in part:

Unless specifically excepted or unless listed in another schedule, any material, compound, mixture, or preparation which contains any quantity of the following substances having a depressant effect on the central nervous system:

.   .   .   .   .

(7) Phencyclidine.

Under 21 U.S.C. § 811 the Attorney General is delegated authority to amend the enumeration of substances in Schedule III(b), either by addition or deletion, where appropriate. Phencyclidine was originally listed in Schedule III(b) by the Congress, however, and the Attorney General has made no relevant amendments. We think the phrasing of the statute clearly evinces a Congressional determination of the actual depressant effect of the specifically listed substances, including phencyclidine.[1] This finding precludes any necessity for the Government's demonstrating that depressant effect afresh in each trial under § 841(a)(1), and we do not read the statute to require such proof. Accord, United States v. Levin, 8 Cir. 1971, 443 F.2d 1101, 1106, cert. denied, 1971, 404 U.S. 944, 92 S.Ct. 297, 30 L.Ed.2d 260; cf. United States v. Spence, 5 Cir. 1970, 425 F.2d 1079.

Since that is the case, in order to prevail here Nickles must show that the statute treats "any material, compound, mixture, or preparation which contains any quantity of [the enumerated] substances," such as phencyclidine hydrochloride, differently from the enumerated substances themselves, such as phencyclidine. While Congress might well have considered such a differentiation, between the listed substances and their alloys, the language of the statute seems clearly to show that Congress decided against it. Instead, Congress has provided that if amalgams should be developed that include enumerated Schedule III(b) substances in some form which it is desirable to distribute freely, the way remains open through § 811(a) for an interested party to petition the Attorney General to initiate de-control proceedings. Until these procedures are successfully completed, such products remain within the scope of Schedule III(b); and proof of their particular depressant effect is unnecessary in prosecutions under § 841(a)(1).

The judgment appealed from is affirmed.

---

1. Appellant suggests that such a reading renders the clause "having a depressant effect on the central nervous system" mere descriptive surplusage. But this argument overlooks the role of the quoted language in limiting the range of substances which the Attorney General may include within Schedule III(b) by regulation.