The People of the State of Illinois, Plaintiff-Appellee, *v.* Mark Dawson, Defendant-Appellant.

(No. 12686;

Fourth District—July 17, 1975.

Richard J. Wilson and Thomas Nelson, both of State Appellate Defender's Office, of Springfield, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (G. Michael Prall and Jacqueline K. Nejmanowski, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

In March 1975, the defendant was indicted for the offense of burglary allegedly committed in Livingston County in June 1969. In June 1970, he entered a plea of guilty to the offense and was sentenced to 3 years' probation with 30 days to be served in the county jail. A subsequent presentence report indicates that thereafter defendant's probation was extended for a period of 1 year. On March 6, 1974, a petition to revoke probation was filed in Livingston County. The petition alleged that the defendant had been convicted of other burglaries in McLean County. The fact of such conviction was the grounds for revocation of probation. The defendant had entered a plea of guilty to the charged two burglaries in McLean County and received concurrent terms of 1 to 5 years on each of the two counts.

Thereafter, in Livingston County, after a finding that the offenses in McLean County constituted a violation of the terms and conditions of probation, the defendant's probation was revoked. The presentence re-

port prepared by the McLean County authorities was accepted by the circuit court as the presentence report for purposes of sentencing in the Livingston County proceedings. A sentence of not less than 3 nor more than 12 years was imposed for the original burglary offense, said sentence to be served consecutively with the McLean County sentence. The defendant appeals and contends the sentence imposed is excessive and that the consecutive sentence offends against the proscriptions of the Unified Code of Corrections. (Ill. Rev. Stat. 1973, ch. 38, § 1005—8—4(b).) We do not agree that the sentence imposed is excessive. We are in agreement that upon this record there is an inadequate basis for imposition of consecutive sentence.

Section 5—8—4(b) provides:

> "The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, *it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record.*" (Emphasis added.) Ill. Rev. Stat. 1973, ch. 38, § 1005—8—4(b).

By reason of the provision of sub-paragraph (e) of the same cited section, the minimum and maximum of consecutive sentences are aggregated. Thus, in this case, since the defendant had a sentence of 1 to 5 years and a consecutive sentence was imposed of 3 to 12 years, the defendant had a sentence of 4 to 17 years. It is clear that the consecutive sentence was not "required to protect the public from further criminal conduct by the defendant" since the trial court imposed sentences lesser in nature than that available for the offense of burglary, the same being a Class 2 felony with a provision for a possible 20-year maximum term.

The Unified Code of Corrections, in its language with reference to consecutive sentence, reflects the conclusions reached by the American Bar Association Project on Minimum Standards for Criminal Justice, as set forth in Standard 3.4, Sentencing Alternatives and Procedures, wherein it is stated that consecutive sentences are rarely appropriate. The standards and the commentary make reference to the Model Penal Code. The Unified Code of Corrections was adopted subsequent to the promulgation of those standards.

In this case, it is clear that the trial court was not of the opinion that a consecutive sentence was necessary in order to protect the public from any continuing criminal propensities of the defendant, for, as the trial court noted upon the imposition of the sentence, the defendant would be immediately eligible for parole; and, as we have noted, the aggregate maximum sentence was less than the statutory permissible sentence

without reference to the imposition of a consecutive sentence.

Accordingly, the judgment of the circuit court of Livingston County is affirmed, the sentence is modified, and as modified, the imposed sentence is to be concurrent with the sentence imposed with the circuit court of McLean County. This case is remanded to the circuit court of Livingston County with directions to issue an amended mittimus in accordance with the modification herein proved.

Judgment affirmed, sentence modified, remanded with directions.

TRAPP, P. J., and GREEN, J., concur.