■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN THOMSON, Appellant.—Appeal from a judgment of the County Court, Schenectady County, rendered December 27, 1974, upon a verdict convicting defendant of the crime of criminally selling a controlled substance in the second degree (Penal Law, § 220.41, subd 2). We find no merit in the defendant's contention that the People had agreed to prove that the substance sold by the defendant was pure methamphetamine, and there is clearly adequate evidence to establish that the substance sold by defendant contained methamphetamine. Nor is there any merit in the contention that

the People failed to sustain its burden of proof by not establishing that the substance sold by the defendant had a potential for abuse as required by section 3306 of the Public Health Law since the Legislature has already determined that any substance containing methamphetamine has this potential for abuse in enacting subdivision 2 of section 220.41 of the Penal Law in its present form. Finally, defendant has no standing to challenge the constitutionality of subdivision 2 since at most his allegations might establish that the statute might be invalid as applied to others (*Broadrick v Oklahoma,* 413 US 601, 608, 610). Defendant's act of selling a substance containing the pure element of methamphetamine was illegal in New York and, thus, whether there are nonnarcotic, nonstimulant salts of methamphetamine is irrelevant here. Judgment affirmed. Greenblott, J. P., Sweeney, Koreman, Larkin and Reynolds, JJ., concur.