THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RICHARD C. KRUSE, Defendant-Appellant.

Fourth District   Nos. 12942, 12960 cons.

Opinion filed April 22, 1976.

SIMKINS, J., dissenting.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and James R. Sanders, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE CRAVEN delivered the opinion of the court:

On June 20, 1974, defendant was sentenced to 192 days for criminal damage to property and from 1 to 3 years for burglary. The crimes had been prosecuted separately under circuit court numbers 74-CF-82 and 74-CF-178 and defendant had been found guilty by a jury in each case. It is undisputed that the conduct leading to the charges was unrelated.

The trial judge specified that the sentences were to run consecutively and applied 192 days served prior to trial to the sentence on the misdemeanor charge. That sentence satisfied, the defendant was remanded to the Department of Corrections to serve out the 1- to 3-year sentence for burglary.

■■■ When multiple sentences of imprisonment are imposed on a defendant at the same time, the sentencing court is to determine whether those sentences shall run concurrently or consecutively. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4.) However:

> "(b) The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant * * *." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b).)

Under this court's holding in *People v. Dawson*, 30 Ill. App. 3d 147, 332 N.E.2d 58, it was error to sentence defendant to consecutive terms in this case. Burglary is a Class 2 felony, for which any term in excess of 1 year but not to exceed 20 may be imposed. (Ill. Rev. Stat. 1973, ch. 38, par.

19—1, and ch. 38, par. 1005—8—1(b)(3).) Since the aggregate of the two terms imposed here to be served consecutively was not as great as the sentence that could have been imposed for burglary alone, it cannot be said that consecutive sentencing was necessary in order to protect the public from continuing criminal propensities of the defendant.

Defendant's convictions are affirmed, and the sentences modified to make the misdemeanor and felony sentences concurrent. Time served by defendant prior to sentencing must be credited to the combined sentence. The case is remanded to the circuit court with directions to issue an amended *mittimus* in accordance with the modifications provided herein.

Convictions affirmed. Remanded with directions.

GREEN, J., concurs.

Mr. JUSTICE SIMKINS, dissenting:

In *People v. Dailey*, 15 Ill. App. 3d 214, 304 N.E.2d 156, this court approved a (with Justice Craven dissenting) 4- to 7-year sentence made to run consecutive to a 1- to 3-year sentence previously imposed and from which defendant had been paroled at the time of the commission of the second offense, saying that "There is nothing in the record to warrant a change in the consecutive nature of the sentence."

In *People v. Nicks* (4th Dist. 1974), 23 Ill. App. 3d 435, 319 N.E.2d 531, the trial judge imposed a 10- to 30-year sentence for armed robbery and made the sentence consecutive to another armed robbery sentence. This court affirmed, saying, "The record, however, does not indicate that the trial judge abused his discretion in imposing a consecutive sentence."

This case relies on this court's opinion in *People v. Dawson*, 30 Ill. App. 3d 147, 332 N.E.2d 58. In *Dawson* defendant was admitted to probation upon conviction of burglary. Following conviction and sentence for a subsequent burglary probation was revoked and sentence imposed to run consecutively to that imposed for the second offense. This court, on appeal, modified the sentence to run concurrently with the first sentence of imprisonment. In so doing no reference was made to *People v. Dailey* or *People v. Nicks*, both of which appear to be inconsistent with *Dawson*.

I interpret *Dawson* and the instant case to hold that the language of section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b))prohibits a trial judge from imposing a consecutive sentence if the resulting aggregate maximum sentence is less than the permissible maximum sentence which could have been imposed in the sentence which is made consecutive to a prior sentence. This interpretation of the statute deprives the trial judge of *authority* to impose a consecutive sentence unless the above circumstance prevails.

Having determined to impose a sentence of imprisonment, the trial judge must then determine the duration of the period of incarceration. It seems to me that the formula utilized in prescribing that period should not concern this court. What difference does it make whether the trial judge adopts the formula required under the circumstances present in this case and elevates the limits of the second sentence, or arrives at the same period of imprisonment by use of the consecutive sentence? Under the statute I believe that it is within his discretion to adopt the latter method. The only concern of this court should be whether the sentence imposed is excessive. I would affirm.