THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CARL REYNOLDS, Defendant-Appellant.

Fourth District   No. 12950

Opinion filed June 10, 1976.

CRAVEN, J., dissenting in part and concurring in part.

Richard J. Wilson and John L. Swartz, both of State Appellate Defender's Office, of Springfield, for appellant.

John G. Satter, Jr., State's Attorney, of Pontiac (G. Michael Prall and Robert C. Perry, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE TRAPP delivered the opinion of the court:

Defendant appeals his conviction of forgery upon a jury verdict and the sentence of 2 to 10 years imposed, consecutive to a sentence being served in another State.

The sole issue raised upon appeal is whether the trial court erred in accepting defendant's waiver of a presentence investigation and report, and whether the sentence imposed is excessive.

The record discloses that the trial court did order the preparation of a report of presentence investigation as required by statute. (Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—1.) Such section expressly provides that a defendant may waive such investigation and report.

The record shows that on the day following such order defendant requested prompt disposition and imposition of sentence. He advised the court that he was then serving a sentence in Missouri for a similar offense and that he was permitted to work and earn money while he was incarcerated there, and for such reason wished to return to serving that sentence and resume working to earn money.

It is not urged that defendant's waiver was not voluntary or that it was not understandingly made. It is said, however, that the trial court should have denied the waiver and sought a full inquiry into defendant's character and history to impose a more just sentence.

The record, however, includes substantial information before the court concerning defendant's asserted drinking problems and the stated origin and reasons for his drinking. He also indicated his efforts to rehabilitate himself with regard to drinking and his belief that he had enjoyed partial success. The record also discloses four prior convictions for forgery or associated offenses, together with convictions for other lesser offenses. The defendant's employment qualifications and record were disclosed. Such record discloses substantial information upon the factors of character and background to permit the exercise of judicial discretion in imposing sentence. We find no error in the granting of defendant's waiver.

Defendant's contention was that the sentence imposed was excessive in view of the nature of the offense and defendant's history and character.

The trial court imposed a sentence with a relatively low minimum but a high maximum. The minimum of two years was not excessive in the light of defendant's record of convictions for the offense here involved. The maximum sentence imposed was proper in the light of the apparent chronic nature of defendant's conduct and his admitted need for rehabilitation.

The judgment is affirmed.

Affirmed.

SIMKINS, J., concurs.

Mr. JUSTICE CRAVEN, dissenting in part and concurring in part:

After a jury trial, defendant was convicted of forgery in connection with the passing of a check for $25 in Pontiac, Illinois. At his sentencing hearing, defendant stated that he wished to waive presentence report because he was, at the time of trial, incarcerated at Jefferson City, Missouri, where he was earning money for his work under a prison program and receiving psychological support through a United Jaycees program to overcome his drinking problem. Defendant said he preferred not to remain in Illinois for the time involved in preparing a presentence report. He explained at the sentencing hearing that he had a serious drinking problem which he felt was at the root of his criminal behavior.

The defendant admitted to four previous convictions for passing bad checks and the State's Attorney noted that defendant's record also included minor convictions extending back to 1949 involving charges of drunkenness, public drunkenness, and furnishing beer to minors. There were also other charges involving checks and forgery which did not lead to convictions. The State then recommended a term of imprisonment of 2 to 6 years consecutive to the sentence the defendant was then serving. The trial court judge, noting defendant's need for correctional treatment for this recurring problem and the necessity to protect the public from the type of offense involved, imposed a sentence of from 2 to 10 years to be served consecutively with the sentence in Missouri.

Defendant appealed to this court, contending that it was error for the trial judge to accept his waiver of a presentence report and that the sentence imposed was excessive.

Section 5—3—1 of the Unified Code of Corrections (Ill. Rev. Stat. 1973, ch. 38, par. 1005—3—1) provides that a defendant convicted of a felony shall not be sentenced before a written presentence report of investigation is presented to and considered by the court. The same section, however, provides that the defendant may waive the presentence investigation and written report. There is no suggestion here that

defendant's waiver was not voluntary or that it was not made in what seemed at the time to be his own best interest. In yielding to his desire to return immediately to the Missouri prison to continue with his work and rehabilitation program, the trial court cannot be said to have abused its discretion to defendant's detriment. Defendant's contention here seems to be that a presentence investigation and report would have disclosed how closely linked his criminal behavior was to his drinking problem. We note that this connection is clearly established in the transcript of the sentencing hearing, so that the defendant cannot complain the trial court was unaware his criminal behavior was rooted in his alcoholism.

Defendant contends that, even if it was not error to allow him to waive the presentence investigation and report, the sentence imposed was excessive in view of the nature of the offense and his own history and character. Defendant's own comments in mitigation included an admission that he had received substantial help with his problems in the Missouri prison but that he needed to do "a lot more." The trial court judge apparently shared this view, imposing a sentence with a relatively low minimum but a high maximum and reminding the defendant that a good record in prison meant he would get out sooner, but a bad record meant he would be there a long time. In view of the chronic nature of the defendant's problem and the obvious need for rehabilitation, we cannot say that the trial court judge abused his discretion in imposing either the greater than minimum sentence or the unusually high maximum sentence. While the offense itself was neither violent nor substantial in terms of the dollars involved, it was apparent from defendant's record that his need for rehabilitation was great.

In making defendant's Illinois sentence consecutive with his Missouri one, however, the sentencing judge violated section 5—8—4(b) of the Unified Code of Corrections, which states:

> "The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record." (Ill. Rev. Stat. 1973, ch. 38, par. 1005—8—4(b).)

The defendant had 7 or 8 months to serve in Missouri. Since the trial judge could have imposed a minimum sentence of one-third the maximum, or 3 1/3 years, it is evident that a concurrent sentence with a higher minimum would have resulted in a longer term. Thus, the imposition of a consecutive sentence cannot be said to have been "required to protect the public." See *People v. Dawson*, 30 Ill. App. 3d 147, 332 N.E.2d 58.

It is unfortunate that the majority opinion does not even acknowledge

this issue which is included in the contention that the sentence is excessive. The majority opinion now approves a consecutive sentence disapproved in *Dawson,* and prohibited by the Unified Code of Corrections. The majority opinion also offends the recommendations of the American Bar Association Project on Minimum Standards for Criminal Justice relating to Sentencing Alternatives and Procedures, sections 3.4(b)iii, 3.5(b)iii, the substance of both standards being now part of the criminal law of this State.