THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GARY LYNN DeRUSE, Defendant-Appellant.

Second District    Nos. 76-37, 76-38 cons.

Opinion filed April 26, 1977.

Ralph Ruebner and Peter B. Nolte, both of State Appellate Defender's Office, of Elgin, for appellant.

John Maville, State's Attorney, of Belvidere (Phyllis J. Perko and Martin P. Moltz, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. PRESIDING JUSTICE RECHENMACHER delivered the opinion of the court:

Defendant was tried by the court and convicted on one count of burglary and one count of theft of property having a value over $150. He was sentenced to serve concurrent terms of from one to three years imprisonment with respect to each of these convictions. Subsequently he was charged with a separate offense of forgery and convicted following a bench trial. With respect to this conviction he was sentenced to serve a term of from one to three years imprisonment consecutive to the terms he had received upon his earlier convictions.

On appeal defendant contends that his sentence was excessive and that the imposition of consecutive sentencing in his case was unwarranted. Defendant also contends that it was improper for the court to convict him upon both burglary and theft charges when those charges arose out of the same conduct or occurrence.

In support of his contention that the imposition of consecutive sentence for his forgery conviction was unwarranted, defendant cites *People v. Dawson* (1975), 30 Ill. App. 3d 147. In *Dawson* the Fourth District Appellate Court, Justice Craven writing, found that consecutive sentences were improperly imposed where the trial court had sentenced defendant to one to five years and a consecutive sentence was imposed of three to 12 years. Defendant's sentence for all practical purposes was thus from four to 17 years. The court concluded that because the trial court had not sentenced defendant to the equivalent of at least the maximum term (20 years) of imprisonment prescribed by the statute for burglary, one of the offenses for which defendant was convicted, the trial court's act in *not* sentencing defendant to such maximum term was tantamount to a conclusion under section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b)) that consecutive sentencing was not "required to protect the public from further criminal conduct by the defendant."

Section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b)) sets forth the conditions for imposition of consecutive sentence as follows:

"The court shall not impose a consecutive sentence unless, having regard to the nature and circumstances of the offense and the history and character of the defendant, it is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, the basis for which the court may set forth in the record."

In *People v. Kruse* (1976), 37 Ill. App. 3d 475, Justice Simkins dissented in a case which applied the rationale of *People v. Dawson* (1975), 30 Ill. App. 3d 147, in reducing a consecutive sentence to a concurrent sentence. He stated:

"[The *Dawson*] interpretation of the statute deprives the trial judge of *authority* to impose a consecutive sentence unless [the aggregate maximum sentence upon imposition of consecutive sentence is more than the permissible maximum sentence which could have been imposed had the sentences been made concurrent] * * *.

Having determined to impose a sentence of imprisonment, the trial judge must .then determine the duration of the period of incarceration. It seems to me that the formula untilized in prescribing that period should not concern this court. What difference does it make whether the trial judge adopts the formula required under the circumstances present in this case and elevates the limits of the second sentence, or arrives at the same period of imprisonment by use of the consecutive sentence? Under the statute I believe that it is within his discretion to adopt the latter method. The only concern of this court should be whether the sentence imposed is excessive." *People v. Kruse* (1976), 37 Ill. App. 3d 475, 477-78.

In *People v. Reynolds* (1976), 38 Ill. App. 3d 788, the court refused to extend the *Dawson* rationale to apply in circumstances where a sentence had been imposed upon defendant earlier in another State and a subsequent Illinois sentence was made consecutive to the out-of-State sentence earlier imposed. Had both sentences been Illinois sentences it was clear that *Dawson* would have applied. See the dissenting views of Justice Craven at 38 Ill. App. 3d 788, 790-92.

■■ Defendant points out that *Dawson* indicates that consecutive sentence was improperly imposed because the combined terms consecutively imposed do not exceed the maximum sentence prescribed by statute for the crime of burglary (one of the crimes for which defendant was here convicted). We decline, however, to follow the lead of *Dawson* in importing unnecessary formalism into sentencing

proceedings. The language of section 5—8—4(b) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b)) does not mandate the interpretation adopted in *Dawson.* The conclusion that a consecutive term "is required to protect the public from further criminal conduct by the defendant," may be drawn without regard to the utilization of the statutory maximum term. The requirements of "protection of the public" are not measured solely by imposition of maximum sentence but are rather a function of "the nature and circumstances of the offense and the history and character of the defendant." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b).) The sentencing judgment is committed to the trial judge. As noted by the dissenting view expressed in *People v. Kruse* (1975), 37 Ill. App. 3d 475, noted above, the real inquiry of this court in reviewing the sentencing determination of the trial judge is directed at whether the sentence imposed upon a defendant is excessive.

■■ We also find, that there is no merit to defendant's contention that his sentence in this case is excessive. While defendant is young, he has had significant contact with juvenile authorities in the past in addition to his present convictions for burglary and forgery. Sentencing determinations are committed to the judgment of the trial court and it is only when sentence is "greatly at variance with the purpose and spirit of the law" that this court will make an independent determination of the punishment to be imposed. (*People v. Hampton* (1969), 44 Ill. 2d 41, 48.) We do not find that the trial court abused its discretion in this case.

■■ A second issue raised by defendant is that his conviction for theft was improper because the theft was part of the same conduct which resulted in his conviction for burglary. The people concede that applicable law indicates that defendant's convictions for both burglary and theft cannot stand. (*People v. Budzynski* (1973), 9 Ill. App. 3d 24; *People v. Smith* (1973), 10 Ill. App. 3d 501; and *People v. Williams* (1975), 60 Ill. 2d 1.) As defendant's conviction for both burglary and theft arose out of the same conduct and occurrence, defendant is entitled to vacation of his conviction of theft.

Defendant's convictions and sentences for burglary and forgery are affirmed. Defendant's conviction and sentence for theft is vacated.

Affirmed in part and reversed in part.

SEIDENFELD and BOYLE, JJ., concur.