THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CHARLES RAY BOLDEN, Defendant-Appellant.

Fourth District    No. 14708

Opinion filed August 11, 1978.

Richard J. Wilson and Donald T. McDougall, both of State Appellate Defender's Office, of Springfield, for appellant.

Thomas J. Fahey, State's Attorney, of Danville (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

Following a jury trial, the defendant, Charles Ray Bolden, was convicted of the unauthorized delivery of phencyclidine (PCP) in violation of section 401(d) of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(d)). He was thereafter sentenced to a

term of 3½ to 10 years, that sentence to be consecutive to a sentence previously imposed upon a prior conviction.

On appeal, the defendant contends that the jury was improperly instructed regarding the offense of the delivery of PCP; that he was not proved guilty beyond a reasonable doubt; that the prosecutor's closing argument was prejudicial; and that the trial court abused its discretion in imposing a consecutive sentence.

The defendant initially argues that the trial court erred in instructing the jury regarding the elements of the delivery of phencyclidine (PCP). He contends that the jury should have been instructed that the Controlled Substances Act proscribes delivery of PCP only in such quantities as have a potential for abuse associated with a depressant effect on the central nervous system.

The jury was instructed pursuant to Illinois Pattern Jury Instruction, Criminal, No. 17.01, that to support a conviction the State must prove beyond a reasonable doubt that "[t]he defendant knowingly delivered a quantity of a substance containing a controlled substance, namely, phencyclidine (PCP)." Defense counsel objected to this formulation of the offense and tendered an elements instruction incorporating language of section 208 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1208(c)) directing that the jury must also find that said drug has a potential for abuse associated with a depressant effect on the central nervous system. The defendant's instruction was refused by the trial court.

Reviewing courts in Illinois have apparently not construed section 208 of the Controlled Substances Act in conjunction with such an argument as the defendant presents here. Other jurisdictions that have adopted the Uniform Controlled Substances Act have considered similar arguments and in those jurisdictions the weight of the authority is that the unauthorized delivery of any quantity of the controlled substance constitutes a violation of the Act. See, e.g., *United States v. White* (7th Cir. 1977), 560 F.2d 787, 789-90; *United States v. Nickles* (5th Cir. 1975), 509 F.2d 810, 811; *State v. Jennings* (1976), 195 Neb. 434, 238 N.W.2d 477, 480-81; *People v. Thomson* (1975), 374 N.Y.S. 2d 153, 154, 49 App. Div. 2d 981; *Doyle v. State* (Okla. App. 1973), 511 P.2d 1133, 1136.

Two courts have considered the same argument as here presented and have reached different conclusions. The Superior Court of Pennsylvania considered an identical challenge to an identical statute and held that the State has the burden of proving that the substance in schedule III (PCP) has a potential for abuse associated with a depressant effect on the central nervous system. (*Commonwealth v. Teada* (1975), 235 Pa. Super. Ct. 438, 344 A.2d 682.) In *Teada,* the defendant was charged with selling PCP to an undercover agent. At trial, the Commonwealth established that a

substance containing PCP was sold to the agent; however, it failed to establish the amount of PCP contained in the substance. In addition, there was no evidence at trial that the quantity of PCP would have a potential for abuse associated with a depressant effect on the central nervous system. Because of this lack of evidence, the trial court sustained the defendant's demurrer to the Commonwealth's case. The Superior Court of Pennsylvania considered the question presented as one of statutory construction and it concluded after an extensive discussion of legislative intent that the trial court's order should be affirmed. A well reasoned dissent in *Teada* stated that the majority had placed a strained construction upon the language in the statute and that the clear language of the statute indicated that the legislature intended to prohibit any quantity of PCP.

The same question as is here presented was also considered by an Idaho court. (*State v. Collinsworth* (1975), 96 Idaho 910, 539 P.2d 263.) In *Collinsworth*, the defendant was convicted of the delivery of a controlled substance and of possession of a controlled substance with intent to deliver. The defendant argues that the statute requires proof that the PCP is of sufficient quantity to be capable of use for abuse associated with the central nervous system. In addition, the defendant argued that the jury instruction did not incorporate this particular element. The Supreme Court of Idaho looked to grammatical construction of the statute and stated:

> "A reading of the statute indicates that the phrase 'having a potential for abuse associated with a depressant effect on the central nervous system', modifies 'substances' and does not modify 'quantity' or 'material, compound, mixture, or preparation'. The phrase provides, in the first instance, a legislative guideline as to whether a drug should be classified in Schedule III, and, in the second instance, an administrative guideline for the Board of Pharmacy by which the board decides whether to add or delete a drug from Schedule III. [Citations omitted.] As such, the phrase does not require the state to prove that Collinsworth possessed a usable quantity such that the quantity possessed had a potential for abuse; if the legislature intended to require a usable quantity test, the statute would be drafted so that the phrase at issue modified 'quantity' and not 'substances'." *Collinsworth*, 96 Idaho 910, 914, 539 P.2d 263, 267.

The court in *Collinsworth* noted that their construction of the statutory phrase answered defendant's arguments regarding the jury instruction and they declined to specifically consider them. Accordingly, the defendant's conviction for delivery and possession was affirmed.

■■ In considering these two cases in light of the instant case,

*Collinsworth* presents the most logical argument since it is evident that the Illinois legislature, like the Idaho legislature, intended that PCP in any quantity should be prohibited. Section 401 of the Act, which defines the criminal offense, requires only that the State prove that the defendant knowingly delivered any other amount of a controlled substance in Schedule III. (Ill. Rev. Stat. 1975, ch. 56½, par. 1401.) There is no requirement or element that the amount delivered be found to be a usable quantity or that the substance be found to have a depressant effect on the central nervous system. The fact that PCP is listed in a Schedule III classification is a clear indication that the legislature considered it a dangerous drug with a potential for abuse and thus worthy of inclusion in the Controlled Substances Act. Furthermore, it is apparent upon reading subsection 401(d) that the legislature intended that possession or delivery of any quantity of PCP would be a criminal offense punishable as a Class 3 felony. The State was, therefore, not required to prove that the substance had a potential for abuse. Likewise, an instruction on this theory was not required. Thus, there was no reversible error in the trial court giving the State's instruction and refusing the defendant's instruction.

The defendant argues that he was not proved guilty beyond a reasonable doubt because the State failed to allege or prove the necessary element that the substance delivered was of a quantity having a depressant effect on the central nervous system. As previously noted, such proof is not required by the Controlled Substances Act and thus defendant's contention on this issue is without merit.

The defendant further contends that it was reversible error for the State's Attorney to state in his closing argument that the defendant could be found guilty irrespective of whether he knew the substance was PCP. The defendant concedes that the case of *People v. James* (1976), 38 Ill. App. 3d 594, 348 N.E.2d 295, *appeal dismissed* (1977), 429 U.S. 1082, 51 L. Ed. 2d 528, 97 S. Ct. 1087, is on point; however, he argues that the reasoning in that case is not persuasive.

In *James*, the defendant agreed to sell 100 "hits" of mescaline to an undercover agent. However, he actually sold the agent LSD rather than mescaline. The defendant was indicted, tried, and convicted of selling LSD. On appeal, the defendant argued that the State was required to specifically prove that he knowingly delivered LSD rather than proving generally that he knowingly delivered a controlled substance. The Second District Appellate Court in rejecting this argument stated:

> "Section 401 of the Controlled Substances Act says, '* * * it is unlawful for any person knowingly to * * * deliver * * * a controlled substance.' * * * If the accused knows he is delivering

a controlled substance, he commits the criminal act specified in the first paragraph of section 401, even though he may erroneously have thought that it was mescaline when in fact it was LSD.

It is not reasonable to assume that the legislature intended that the State prove that the accused knew the exact nature or chemical name of the controlled substance. This would lead to the absurd result, as the State suggests, that drug dealers would only be liable for selling the drug they thought they were selling. This approach would make the statute inapplicable to one who had not personally performed a chemical analysis of the substance containing the controlled substance." *James*, 38 Ill. App. 3d 594, 596-97, 348 N.E.2d 295, 297-98.

In *People v. Pozzi* (1976), 42 Ill. App. 3d 537, 356 N.E.2d 186, the Second District Appellate Court cited *James* and noted that the legislature did not intend conviction under the Act to depend upon defendant's state of knowledge as to the precise nature of the controlled substances actually delivered.

■■ In the instant case, the undercover agent informed the defendant that he would like to buy some cocaine. The defendant thereupon reached into one of his packages, opened it up, and with a small spoon, poured part of the white substance into a cigarette wrapper. The agent gave the defendant $25 for the substance which was later analyzed and determined to be PCP. It is clear from the record that the defendant knew he was delivering a controlled substance even though he was perhaps mistaken as to its exact chemical content. Thus, in view of the holding in *James*, it was not necessary for the State to prove that the defendant knew the precise nature of the controlled substance delivered. The prosecutor's remarks in closing argument on this point were, therefore, not prejudicial.

The defendant's final contention is that the trial court abused its discretion in imposing a consecutive sentence since the court's refusal to impose an enhanced sentence as provided in section 408 of the Controlled Substances Act (Ill. Rev. Stat. 1975, ch. 56½, par. 1408) was tantamount to a conclusion that consecutive sentencing was not required to protect the public from further criminal conduct by the defendant. The record reflects that the trial court considered the enhanced penalty provision of the Controlled Substances Act and declined to sentence the defendant to twice the maximum penalty authorized as provided in that section.

In the instant case, the trial court sentenced the defendant to 3 1/3 to 10 years, with that sentence to run consecutive to a sentence of 2½ to 7½ years for a previous conviction. As the basis for imposing the consecutive sentence, the trial judge noted that the public needed to be protected from a person who has dedicated his life and abilities to selling substances

that would destroy the minds of our citizenry and young people.

Consecutive sentencing is prohibited in Illinois unless the court "is of the opinion that such a term is required to protect the public from further criminal conduct by the defendant, * * *." (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(b).) As noted previously, the trial court made the proper finding in order to impose a consecutive sentence. The defendant, however, argues that the cases of *People v. Dawson* (1975), 30 Ill. App. 3d 147, 332 N.E.2d 58, and *People v. Kruse* (1976), 37 Ill. App. 3d 475, 346 N.E.2d 169, are controlling since these cases held that consecutive sentences are improper where the aggregate maximum sentence under consecutive sentencing is less than the maximum permissible statutory sentence for the particular crime.

■■ In this case, the aggregate maximum sentence under the consecutive sentences totalled 17½ years whereas the maximum permissible sentence for a Class 3 felony is 10 years. Thus, it is evident that *Dawson* and *Kruse* are not controlling in this particular case. The defendant maintains, however, that the maximum permissible sentence was 20 years as opposed to 10 since the trial court could enhance the sentence by virtue of section 408 of the Controlled Substances Act. This argument is without merit since section 408 notes that the enhanced penalty is to be twice the maximum term otherwise authorized. It is quite clear that the maximum term permissible is to be considered as that authorized by the sentencing statute and not that provided for in the enhanced penalties provision. The imposition of a consecutive sentence by the trial court was, therefore, permissible and we cannot say it was an abuse of discretion.

Accordingly, the judgment of the circuit court of Vermilion County is affirmed.

Affirmed.

MILLS, P. J., and TRAPP, J., concur.