THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ROBERT PRESLEY, Defendant-Appellant.

Fourth District    No. 15005

Opinion filed January 18, 1979.—Rehearing denied February 15, 1979.

CRAVEN, J., dissenting.

Richard J. Wilson and Daniel D. Yuhas, both of State Appellate Defender's Office, of Springfield, and Janet Sinder, law student, for appellant.

C. David Vogel, State's Attorney, of Pontiac (Robert C. Perry, of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Upon revocation of his probation, defendant elected to be sentenced under the criminal statute in effect prior to February 1, 1978. Defendant was sentenced to a term of 2 to 6 years upon his conviction of the separate offenses of burglary and theft to be served consecutively to determinate concurrent Missouri sentences of 4 years.

Upon appeal defendant urges that there was no showing in the record that a consecutive sentence was necessary to protect the public;

that a consecutive sentence was improper because there is no statutory formula for aggregating an indeterminate sentence and its provision for minimum and maximum terms with a determinate sentence, and that a "condition" of probation that if probation was revoked that he would receive no sentence credit for time on probation was invalid.

■ The contention that since the Criminal Code contained no provision for aggregating indeterminate and determinate sentences, it is impossible to determine the exact sentence imposed is controlled by *People v. Dye* (1977), 69 Ill. 2d 298, 371 N.E.2d 630. In *Dye,* defendant received an indeterminate sentence of 2 to 8 years to be served consecutively to a determinate Federal sentence of 5 years. Treating the determinate sentence as having a 5-year minimum, the appellate court found that the aggregate minimum exceeded twice the minimum penalty for the offense of forgery and therefore violated provisions of section 5—8—4(c) of the Unified Code of Corrections (Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—4(c)). It directed that the sentence imposed in Illinois should be served concurrently with the Federal sentence.

In reversing the appellate court, the supreme court noted that section 5—8—4(a) of the Unified Code of Corrections (Ill. Rev. Stat., 1976 Supp., ch. 38, par. 1005—8—4(a)) expressly authorized a sentence to be served consecutively to a sentence under the Federal law. It similarly expressly authorizes sentence to be imposed consecutively to a sentence or sentences imposed by other States. Ill. Rev. Stat., 1976 Supp., ch. 38, par. 1005—8—4(a); *People v. Green* (1977), 55 Ill. App. 3d 903, 371 N.E.2d 356.

The supreme court further noted that the statutory provision for measuring a consecutive sentence by aggregating the minimum and maximum sentences provided was limited to sentences authorized under section 5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat., 1972 Supp., ch. 38, par. 1005—8—1). In *Dye,* the court stated:

"The section clearly confines its application to situations where the aggregate minimum terms of imprisonment can be calculated. Federal determinate sentences do not have minimum or maximum terms." 69 Ill. 2d 298, 306-07, 371 N.E.2d 630, 634.

Similarly here, the statute providing for the calculation of minimum and maximum terms to determine a consecutive sentence is limited to the indeterminate sentences imposed in Illinois under the provisions of section 5—8—1 of the Unified Code of Corrections (Ill. Rev. Stat., 1976 Supp., ch. 38, par. 1005—8—1). Upon the authority of *Dye,* defendant's argument cannot prevail.

It is argued that the record does not support the imposition of a consecutive sentence. The record discloses that the trial court ordered a

presentence report but such is not included in the record or report of proceedings. From the record and report of proceedings we ascertain, however, that defendant's initial probation was modified to provide a 30-day incarceration prior to the proceeding to revoke. Here, he was convicted for a burglary and theft of a motor vehicle. Prior to the revocation he was convicted of burglary, theft, and escape in the State of Missouri. It further appears that in May 1977, defendant was convicted of burglary and criminal damage to property in La Salle County.

■■ The record discloses a persistent criminal conduct continuing over a period of several years so that the record discloses no abuse of discretion in imposing a consecutive sentence. *People v. Reed* (1977), 51 Ill. App. 3d 479, 366 N.E.2d 1137.

The order granting probation was prepared upon a printed form stating printed conditions of probation designated alphabetically beginning with the letter "A" and continuing through "P. Other:." In a blank space and generally below the designation was a stamped legend:

"Upon revocation of a sentence of probation or constitutional [*sic*] discharge no credit for the period of time served on probation or conditional discharge will be allowed against any sentence of imprisonment or periodic imprisonment imposed by this Court."

Defendant contends that the stamped words constitute an invalid condition of probation not authorized by statute and that, therefore, defendant must be given credit for the time during which he was released on probation, *i.e.,* about 15 months.

Defendant also argues that such a "condition" of probation prevents the sentencing judge from exercising any discretion at all for the reason that it automatically denies credit and bars any further exercise of judicial discretion.

■■ It is apparent that the stamped legend cannot be deemed a condition of probation for the reason that it can have no operative purpose or effect during the time that the individual remains on probation. It does not call upon defendant to perform or refrain from performing any stated or specified act in order to avoid revocation of probation.

■■ Again, section S—6—4(f) of the Unified Code of Corrections (Ill. Rev. Stat., 1976 Supp., ch. 38, par. 1005—6—4(f)) provides that a term or condition of probation may be modified by the court either on its own motion at any time, or upon the request of the offender or of the prosecution. It thus appears that the jurisdiction of the court from the time of imposing probation until its revocation and imposition of sentence is a matter of continuing jurisdiction and that any condition or prior order of the court concerning probation may be vacated or modified at the discretion of the trial court.

■■ Whether the stamped legend be treated as an admonition directed to the defendant by the court or as a contingent form of order, it cannot be said that the court on revoking probation is deprived of his exercise of judicial discretion in the light of such continuing jurisdiction.

The report of the proceedings of the sentencing hearing show extensive discussion between the court, defendant, and defendant's counsel with regard to the amount of credit which defendant was entitled to receive upon the sentence imposed. The trial court specifically reviewed the several individual items of credit which defendant was to receive and such review did not include credit for time served on probation for which there was no incarceration. The record adequately discloses a judicial order · denying credit for the time during which defendant was released on probation. *People v. Smithson* (1978), 65 Ill. App. 3d 564, 382 N.E.2d 536.

The judgment below is affirmed.

Affirmed.

REARDON, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

The issue presented for review in this case is whether the imposition of a consecutive sentence was proper or improper under the law applicable. The majority opinion by reference to *Dye* does not decide the tendered issue and in my view does not even discuss it. The sentence imposed here was 2 to 6 years, to be served consecutively to a determinate sentence imposed by Missouri. The Missouri sentence was 4 years. No matter how you compute it, aggregate it, or look at it, the longest possible minimum term is 6 years. The 6-year minimum term here that is the result of the consecutive sentence is less than the minimum of 6 2/3 years authorized for the offense of burglary. Therefore, the consecutive sentence can in no way be said to be necessary in order to protect the public, and approval of such a sentence is contrary to the express language of the statute and to the decision of this court in *People v. Dawson* (1975), 30 Ill. App. 3d 147, 332 N.E.2d 58, and *People v. Kruse* (1976), 37 Ill. App. 3d 475, 346 N.E.2d 169, and to render such a decision as is here filed without mentioning *Dawson* or *Kruse* does a disservice to the orderly development of our jurisprudence in the important area of sentencing. It seems inappropriate to continue tiptoeing around *Dawson* as we did in *People v. Reynolds* (1976), 38 Ill. App. 3d 788, 348 N.E.2d 864.