THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
JANICE LYNETTE WOOLRIDGE, Defendant-Appellant.

Fifth District    No. 79-438

Opinion filed November 26, 1980.

Robert Agostinelli and Verlin R. F. Meinz, both of State Appellate Defender's Office, of Ottawa, for appellant.

Robert F. A. Stocke, State's Attorney, of Louisville (Martin N. Ashley and Gillum Ferguson, Assistant State's Attorneys, of counsel), for the People.

Mme JUSTICE SPOMER delivered the opinion of the court:

The defendant, Janice Lynette Woolridge, was charged with the offense of unlawful delivery of a controlled substance (cocaine), and was

convicted following a jury trial. She was sentenced to two years of probation. As a condition of probation, she was to serve 60 days of periodic imprisonment, subject to work release. On appeal, defendant contends that the trial court improperly excluded evidence which would have revealed bias on the part of a witness for the prosecution, and that this court should reduce the 60-day imprisonment condition of probation to time already served.

The State presented two witnesses at trial. Gary Nichols, a special agent with the Vincennes Trial Law Enforcement Division, Major Case Squad, testified that in the latter part of 1978, he lived in an apartment on the west side of Flora, Illinois, under the assumed name of Kenneth Young. The defendant lived in the same apartment complex.

At about 1 p.m. on December 8, 1978, Agent Nichols was driving near his apartment with a confidential source, Russell Williams. The two saw the defendant and stopped to talk briefly with her. Williams asked defendant if she had any "coke" left. Defendant replied that she did and promised to come over to Nichols' apartment. She came to the apartment about 25 minutes later and asked who wanted to buy the "coke." When Nichols said he did, the defendant handed him two small tinfoil packets and received $20 in exchange. Nichols, Williams and the defendant then left the apartment to get furniture from a storage area to be used in Nichols' apartment. These three individuals, as well as Rick Thompson and two other men whom Nichols did not identify, were present in the apartment during the purported drug purchase.

On cross-examination, Nichols acknowledged that his undercover group worked in cooperation with the local police authorities, and that the local authorities were aware of his work in the area.

The State's second witness was Daniel Lecocq, a forensic scientist involved in drug analysis for the Illinois Bureau of Scientific Services. Based on tests he conducted, he concluded that the exhibit he received from Agent Nichols contained 0.06 grams of cocaine.

After the State rested, Rick Thompson, Scott Lee, and David Thompson—the brother of defendant's boyfriend, her brother and her boyfriend, respectively—all testified for the defense. The three men testified that they were at defendant's apartment on December 8, 1978, along with defendant and Agent Nichols, known to them as Kenny Young. Russell Williams was not there. Nichols had come to the apartment to ask about furniture. Defendant left with Nichols for a very short time in order to get the furniture. All three men testified that no delivery of drugs took place while the three witnesses were in the apartment with defendant and Nichols. All three asserted that they had not been in Nichols' apartment that day.

While Scott Lee was on the stand, the defense tried to introduce

evidence of a lawsuit filed by Lee, defendant's brother, against a member of the police department of the City of Flora. In an *in camera* conference, counsel indicated that Lee would testify that he had been injured by the Flora policeman and had filed a notice of intent to sue the city. Counsel asserted that other family members would also testify of a period of harassment by police officers following the incident. The defendant would also testify that following her arrest, the sheriff of Clay County had asked her if her family was still suing. Counsel argued that this evidence would give the jury the "whole picture" and would show a reason for the defendant's being falsely accused. The State objected to the prospective testimony, and the court sustained the objection on the ground that the evidence was irrelevant and immaterial.

The defense then called three reputation witnesses, and the defendant testified in her own behalf. She denied going to Nichols' apartment on December 8, and denied delivering any drugs to him. Following closing arguments, the jury found her guilty.

Defendant argues that the trial court erred in sustaining the State's objection to evidence which would reveal any bias on the part of the prosecution's occurrence witness, Agent Gary Nichols. However the State points out that a link was never established between the witness and the evidence presented in defendant's offer of proof which, if true, would indicate bias on the part of the witness.

■■ ■ Before a party may introduce independent evidence concerning bias, he must first lay a foundation by questioning the witness concerning the alleged bias and giving the witness an opportunity to respond. (*People v. Mayfield* (1979), 72 Ill. App. 3d 669, 390 N.E.2d 1315; *People v. Payton* (1966), 72 Ill. App. 2d 240, 248, 218 N.E.2d 518, 522.) During cross-examination the defendant here made no effort to question Agent Nichols concerning any bias. The only questions conceivably bearing on the subject were whether Nichols worked in cooperation with local police departments and whether he tried to maintain a good working relationship with local police authorities.

In the absence of further questioning of Agent Nichols, the evidence later presented by defendant in her offer of proof had no demonstrable tendency to establish bias or prejudice on the part of the witness. At most, the evidence would have shown the existence of ill will between defendant's brother and members of the Flora Police Department— neither of whom is a party to the instant case. Members of the Flora Police Department were not involved, as Agent Nichols was a member of a different law enforcement agency. There was no evidence presented, in testimony or in the offer of proof, that Agent Nichols was even aware of the potential lawsuit. The comment attributed to the sheriff of Clay County as to whether defendant's family was still suing, involved yet

another entity, neither a party nor a witness to this case. Without further indication that the collateral matters raised in the offer of proof tended to establish bias on the part of Agent Nichols, the trial court did not err in sustaining the State's objection to the evidence.

■■■ The defendant also requests that we reduce her sentence. She was sentenced to two years of probation, with the condition that she spend 60 days in the county jail, subject to work release. She asks that this condition be reduced to 20 days, time already served. In response, the State requests a sentence increase, under section 5—5—4.1 of the Unified Code of Corrections (Ill. Rev. Stat. 1979, ch. 38, par. 1005—5—4.1), to three years of imprisonment.

Section 5—5—4.1 was recently found unconstitutional, and thus null and void, by the Illinois Supreme Court. (*People v. Cox* (1980), 82 Ill. 2d 268, 412 N.E.2d 541.) *Cox* rejected the "rebuttable presumption" standard of review relied upon by defendant, and reiterated the "abuse of discretion" standard which it expressed in *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.

We could not logically say that two years of probation conditioned upon 60 days' periodic imprisonment constituted an abuse of the trial court's discretion, while the same sentence conditioned upon only 20 days in jail did not. This is the type of tinkering or "fine-tuning" of sentence which is inconsistent with the abuse of discretion standard of review. *People v. McClain* (1978), 60 Ill. App. 3d 320, 376 N.E.2d 774; *People v. Green* (1977), 55 Ill. App. 3d 903, 371 N.E.2d 356.

Accordingly, we affirm defendant's conviction, and the sentence imposed by the trial court.

Affirmed.

JONES, P. J., and KARNS, J., concur.