THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
VENANCIO CORTEZ, Defendant-Appellant.

First District (4th Division)   No. 78-307

Opinion filed October 11, 1979.

Michael J. Green and John M. Cutrone, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Marcia B. Orr, Iris E. Sholder, and Gerald E. Nora, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

Following a jury trial, defendant, Venancio Cortez, was found guilty of the delivery of more than 30 grams of a controlled substance (Ill. Rev. Stat. 1975, ch. 56½, par. 1401(a)) and was sentenced to 7 to 21 years in the penitentiary. Defendant contends on appeal that (1) the trial court erred when it failed to instruct the jury of his theory of defense, and (2) that the sentence imposed by the trial court was excessive.

Santos Claudio, an agent of the Illinois Bureau of Investigation, testified that on January 27, 1976, during the early part of the afternoon, he and an informant, Mr. Reyes, went to a tavern located on the North Side of Chicago to purchase a quantity of heroin. The agent stated that approximately 10 minutes after they had entered the tavern, the informant introduced him to defendant. The agent told defendant that he was interested in purchasing heroin for distribution in New York. The agent testified that defendant told him he would get him "some good stuff" for $800 an ounce. Defendant then gave Agent Claudio a small tinfoil packet with a small sample of heroin inside. After observing the heroin, the agent told defendant that he would pay $750 an ounce and that he would be willing to buy 8 ounces for $6,000. This amount of heroin would have an estimated "street value" of approximately $100,000.

Defendant then proceeded to make a telephone call after which he told Agent Claudio that he would call him in an hour at the informant's apartment. Agent Claudio proceeded to pick up $6,000 in marked currency and then went to the informant's apartment. While at the informant's apartment, someone called on the telephone and said that the sales transaction was to occur at the Marshall Square Theater that evening at 8 p.m.

Later that evening Agent Claudio went to the Marshall Square Theater located on the South Side of Chicago. Once inside the theater he observed defendant standing in the lobby. Agent Claudio stated that at this time several agents from the department were keeping the premises under surveillance. Agent Claudio then approached defendant and told him that he had $6,000 and that he was ready to "deal." After conversing for a short time, the two men proceeded to go to an unmarked police car where defendant counted the money. Shortly thereafter they went back inside the theater where defendant gave Agent Claudio a bag which contained eight smaller cellophane bags. The agent opened one of the bags and determined the contents to be heroin. Agent Claudio then gave defendant the money and proceeded to walk away. Defendant was subsequently arrested by several other agents. Earl Hernandez, an agent of the Illinois Bureau of Investigation, substantially corroborated Agent Claudio's testimony.

Defendant testified on his own behalf. He stated that on January 27, 1976, he saw Mr. Reyes and Agent Claudio at a tavern located on the North Side of Chicago. Defendant stated that Reyes told him that someone was interested in buying some marijuana. Defendant testified that the agent told him he needed 8 ounces; however, defendant testified that he was afraid to deal with such a large quantity of drugs. He then offered to sell heroin to Agent Claudio for $750 per gram. He also stated that he told his "connection" that he did not want to go through with the transaction because it was too large of a sale. Defendant admitted that he took a bag from a man at the theater but denied knowing the contents of the bag.

On cross-examination, defendant testified that he negotiated a price for the heroin of $750 per ounce. He further stated that the sale would be for 6 or 7 ounces of heroin; that he gave the paper bag containing the heroin to Agent Claudio; and that the agent gave him $6,000. Defendant stated that he had used drugs 3 years ago and that the gun found in his possession was used for self-defense.

The parties stipulated at trial that if George Doub were called to testify he would state that a chemical analysis of the substance taken by Agent Claudio contained 191.7 grams of heroin.

Following the presentation of the evidence, defendant attempted to submit an amended jury instruction which provided as follows:

> "To sustain the charge of Delivery of a Controlled Substance, the State must prove the following propositions:
> *First*: That Venacio Cortez knowingly delivered a controlled substance of more than thirty grams;
> *Second*: That the controlled substance contained heroin; and
> *Third*: That the controlled substance delivered weighed more than thirty grams.
>           * * *"

Defendant also attempted to submit an alternative verdict form which indicated that the jury could find defendant guilty of delivery of a controlled substance of less than 30 grams. The trial court denied the admittance of the instruction and verdict form.

After closing arguments, the jury found defendant guilty of delivery of a controlled substance containing more than 30 grams of heroin. Following a hearing in aggravation and mitigation, the court stated:

> "The amount of Heroin involved in this case, in the minds of some people is an insignificant amount but in the minds of this Court, it is a horrendous amount. The Court realizes what it could have done in the community had it been successfully distributed. The sentence I am about to mete out is for punishment but I am taking

into consideration the age of this defendant, his educational background and the hope that he can subject himself to rehabilitation."

The court thereafter sentenced defendant to 7 to 21 years in the penitentiary.

■■ Defendant argues that the trial court erred when it refused to proffer his instruction indicating that the word "knowing," when used in defining a Class 1 felony under section 401(a) of the Controlled Substances Act (Ill. Rev. Stat. 1977, ch. 56½, par. 1401(a)) requires that defendant know the exact amount of the controlled substance he is delivering. Defendant maintains that the trial court's refusal deprived him of his right to have the jury instructed on his theory of defense that he was not aware of the quantity of drugs he was delivering. However, we are of the opinion that defendant's jury instruction reflected an inaccurate statement of the law, and as such, was properly refused by the trial court. *People v. Hughes* (1977), 46 Ill. App. 3d 490, 360 N.E.2d 1363.

■■ Section 401 of the Controlled Substances Act states, "it is unlawful for any person knowingly to * * * deliver * * * a controlled substance." Under this statute, the criminal offense charged against a defendant is the knowing delivery of a controlled substance. (See *People v. James* (1976), 38 Ill. App. 3d 594, 348 N.E.2d 295, *appeal dismissed* (1977), 429 U.S. 1082, 51 L. Ed. 2d 528, 97 S. Ct. 1087.) The State need only prove that the defendant knowingly delivered any amount of a controlled substance. (See *People v. Bolden* (1978), 62 Ill. App. 3d 1009, 379 N.E.2d 912; *People v. Kadlec* (1974), 21 Ill. App. 3d 289, 313 N.E.2d 522.) The particular amount and nature of the substance which are specified in the statute are material only to the determination of the penalty which may be imposed. (*People v. Kadlec.*) Thus, we believe that the trial court properly refused the introduction of defendant's instruction to the jury because it did not reflect a proper interpretation of the statute and merely determined the extent of the penalty to be imposed. Furthermore, defendant was not entitled to an alternative verdict form allowing the jury to find defendant guilty of a lesser offense since defendant failed to introduce any evidence indicating that the weight of the substance was less than 30 grams. *People v. Virgil* (1974), 19 Ill. App. 3d 744, 312 N.E.2d 816; *People v. Montgomery* (1974), 18 Ill. App. 3d 828, 310 N.E.2d 760.

■ Finally, defendant contends the sentence imposed is excessive and should be reduced. Although a reviewing court has the power to reduce sentences (Ill. Rev. Stat. 1977, ch. 110A, par. 615(b)(4)), "the imposition of a sentence is a matter of judicial discretion and * * * absent an abuse of this discretion, the sentence of the trial court may not be altered upon review." (*People v. Perruquet* (1977), 68 Ill. 2d 149, 153, 368 N.E.2d 882; see *People v. Lykins* (1979), 77 Ill. 2d 35, 394 N.E.2d 1182.) The record

shows that the sentencing judge reached his decision only after considering the nature and circumstances of the offense and the amount of the heroin that was delivered by defendant. (See Ill. Rev. Stat. 1975, ch. 56½, par. 1411.) The evidence at trial clearly showed that defendant delivered over six times the minimum amount required to make the offense a Class 1 felony. (Ill. Rev. Stat. 1975, ch. 56½, par. 1401.) Therefore, it cannot be said that the trial court abused its discretion in imposing a sentence of 7 to 21 years. See *People v. Rodriguez* (1978), 59 Ill. App. 3d 769, 376 N.E.2d 460.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

JIGANTI, P. J., and ROMITI, J., concur.