THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. REGINALD ECHOLS, Defendant-Appellant.

First District (1st Division)   No. 1—94—1091

Opinion filed June 24, 1996.

Rita A. Fry, Public Defender, of Chicago (Lester Finkle, Assistant Public Defender, of counsel), for appellant.

Jack O'Malley, State's Attorney, of Chicago (Renee Goldfarb and Andrea Bonin, Assistant State's Attorneys, of counsel), for the People.

JUSTICE BRADEN delivered the opinion of the court:
After a bench trial in the circuit court of Cook County, defen-

dant, Reginald Echols, was found guilty of two counts of possession of a controlled substance with intent to deliver (Ill. Rev. Stat. 1989, ch. 56$^1$/$_2$, par. 1401(a)(2)), and one count of attempted possession of a controlled substance with the intent to deliver (Ill. Rev. Stat. 1989, ch. 38, par. 8—4; ch. 56$^1$/$_2$, par. 1401(a)(2)). Defendant was sentenced to concurrent terms of 15 years in the Illinois Department of Corrections and 3 years' mandatory supervised release on the two counts of possession of a controlled substance with intent to deliver. Defendant also received 15 years in the Illinois Department of Corrections with 2 years' mandatory supervised release on the one count of attempted possession of a controlled substance with the intent to deliver, to run concurrently with the aforementioned sentence.

On appeal, defendant contends that (1) he was improperly charged with the offense of attempted possession of a controlled substance with the intent to deliver; (2) the State failed to prove the necessary element of intent to support a conviction for the offense of attempted possession of a controlled substance with intent to deliver; (3) the trial court erred in denying his motion to suppress evidence; (4) the trial court relied upon improper factors in sentencing him to 15 years' imprisonment; and (5) his 15-year sentence was excessive.

We affirm.

The facts as adduced from the record are as follows. On September 12, 1992, postal inspector James Walsh (Inspector Walsh) received custody of a parcel addressed to Kim Echols (Echols). This parcel had been forwarded to the postal service on information that the parcel might contain contraband. Upon receipt, Inspector Walsh requested that a narcotics-trained canine examine the parcel, validating that the parcel might in fact contain contraband. A federal search warrant was obtained and the parcel was opened. The parcel contained four packages of cocaine weighing a total of four kilograms. All but 50 grams of the cocaine were removed from the four packages, and four sham packages were prepared and put in the parcel in their stead. The parcel, with the sham substance and 50 grams of cocaine, was resealed for delivery to Echols.

On September 15, 1992, at about 9:30 a.m., Detective Andrew Abbott, a member of the narcotics division of the Chicago police department, as well as six additional police officers were performing drug surveillance of Echols' apartment at 500 East 33rd Street, apartment 2010. At the time, Detective Abbott was posing as a building maintenance employee and pretending to be working on the door of apartment 2009, which was located directly across the hall from Echols' apartment.

At about 9:30 a.m., Detective Abbott saw two males exit apart-

ment 2010 and leave the building. At approximately 10 a.m., Detective Abbott observed defendant arrive and walk to the apartment, where he knocked on the door. The door opened and Detective Abbott heard a female voice from within the apartment. Defendant and occupant had a brief conversation and defendant left the building.

At approximately 10:30 a.m., postal inspector E.C. Woodson, delivered the parcel containing the 50 grams of cocaine to Echols at apartment 2010. Detective Abbott observed Inspector Woodson speaking with a female at the apartment door. Inspector Woodson then handed the package to the woman and left.

At approximately 11:30 a.m. Detective Abbott saw defendant enter apartment 2010. Detective Abbott then saw defendant exit the apartment carrying the previously delivered package. Defendant was subsequently arrested and the apartment was searched. Defendant also consented to a search of his apartment in which Detective Abbott found an additional quantity of cocaine.

■ The first issue on appeal is whether defendant was improperly charged with the offense of attempted possession of a controlled substance with intent to deliver.

Defendant argues that attempted possession of a controlled substance with intent to deliver is not an offense in Illinois since the specific statutory provision for delivery preempts charging defendant under the general attempt provision. Defendant claims that he is precluded from facing trial on a properly drafted count of possession of a controlled substance with the intent to deliver by virtue of his constitutional right to protection from double jeopardy.

Defendant cites *People v. Stupka*, 226 Ill. App. 3d 567, 589 N.E.2d 1068 (1992), in support of his argument. In *Stupka* the court addressed whether the specific statutory provision for delivery preempts charging the defendant under the general attempt provision. The *Stupka* court limited its holding to the offense of attempted delivery. The *Stupka* court did not analyze the general attempt provision as applied to the offense of attempted possession of a controlled substance with intent to deliver.

*Stupka* is distinguishable from the case at bar. Here, application of the *Stupka* holding would require this court to unnecessarily expand the holding to include a prohibition against applying the general attempt provision to the offense of attempted possession of a controlled substance with the intent to deliver. The general attempt in the case at bar does not refer to the delivery element but applies only to the possession element. As such, neither *Stupka* nor the double jeopardy argument is applicable and defendant was properly charged.

The second issue on appeal is whether the State failed to prove

the necessary element of intent to support a conviction for the offense of attempted possession of a controlled substance with intent to deliver. Defendant argues that the State failed to prove that he intended to possess and deliver 900 grams of cocaine. The State, on the other hand, maintains that the application of the general attempt provision to the aforementioned offense does not require that the State prove intent to deliver a specific amount.

■ Under Illinois law, there is no requirement that the State have knowledge of the amount delivered in order to sustain a conviction for the delivery of a controlled substance. *People v. Ziehm*, 120 Ill. App. 3d 777, 458 N.E.2d 588 (1983). The State need only prove that defendant knowingly delivered any amount of a controlled substance. *People v. Cortez*, 77 Ill. App. 3d 448, 451, 395 N.E.2d 1177, 1179 (1979). Moreover, the State also need not prove defendant had knowledge of the precise controlled substance he delivered. *People v. James*, 38 Ill. App. 3d 594, 597, 348 N.E.2d 295, 297 (1976). The particular amount and nature of the substance that are specified in the statute are only material to the determination of the penalty that may be imposed. *Cortez*, 77 Ill. App. 3d at 451, 395 N.E.2d at 1179.

■ The application of the general attempt provision to the offense should not alter this scheme. The attempt statute requires that the State prove that defendant had the specific intent to commit the offense and that defendant took a substantial step toward completing the offense. The statute does not require that the State prove that defendant had knowledge of a specific amount that was to be possessed or delivered. The statute only requires that the State prove that defendant had the specific intent to commit the offense.

■ Here, the record indicates that defendant took a substantial step toward completing the offense and possessed the requisite intent when he left apartment 2010 with a package that contained 50 grams of cocaine and 3,950 grams of a sham substance that postal inspectors had substituted for the original cocaine. The record indicates that defendant, by his own admission, was involved in narcotics actions with two large drug dealers from California and distributed narcotics throughout the south side of Chicago. The record further indicates that defendant was instructed to retrieve the package of cocaine and was compensated for his role in the scheme. As such the trial court properly found that defendant possessed the requisite intent for attempted possession of a controlled substance with the intent to deliver.

■ The third issue on appeal is whether the trial court properly denied defendant's motion to suppress evidence. Here, defendant has waived such issue on review. It is well settled that to preserve an is-

sue on appeal an objection must be raised at trial and in a post-trial motion. *People v. Enoch*, 122 Ill. 2d 176, 185, 522 N.E.2d 1124, 1129 (1988). Here, defendant failed to challenge the trial court's ruling on the motion to suppress in a post-trial motion. As such, defendant has waived his right to appeal this issue.

■ The fourth issue on appeal is whether the trial court erred in sentencing defendant to 15 years' imprisonment. Defendant argues that the trial court improperly considered (1) his college degree; (2) his abstinence from drug use; (3) his compensation for the offense; and (4) the potential harm of narcotics as aggravating factors.

Under Illinois law, setting the appropriate sentence in a case is within the sound discretion of the trial judge. That decision will not be overturned absent an abuse of that discretion. *People v. Wilson*, 143 Ill. 2d 236, 250, 572 N.E.2d 937, 943 (1991). The trial court's decision regarding sentencing is given great weight and deference. *People v. Perruquet*, 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884 (1977). The sentencing judge is vested with wide discretion in making a reasoned judgment concerning the appropriate penalty. *People v. O'Neal*, 125 Ill. 2d 291, 297, 531 N.E.2d 366, 368 (1988). Under Illinois law, there is a rebuttable presumption that the sentence imposed was proper which is only overcome by an affirmative showing that the sentence imposed varies greatly from the purpose and spirit of the law or is manifestly violative of constitutional guidelines. *People v. Jenkins*, 128 Ill. App. 3d 853, 857, 471 N.E.2d 647, 650 (1984). A reviewing court may not substitute its judgment for that of the trial court merely because it would have balanced the appropriate factors differently had the task of sentencing been charged to it. *People v. Cox*, 82 Ill. 2d 268, 280, 412 N.E.2d 541, 547 (1980). Here, defendant failed to make an affirmative showing that the 15-year sentence varied greatly from the purpose and spirit of the law or was manifestly violative of constitutional guidelines.

■ The final issue on appeal is whether defendant's sentence of 15 years is excessive. Defendant argues that his 15-year sentence is excessive since the average time of imprisonment in Illinois is less than 15 years and his education, employment, service in the army, and lack of prior convictions indicate that he is not the average Class X offender. The trial court's decision regarding sentencing is given great weight and deference. *People v. Perruquet*, 68 Ill. 2d 149, 154, 368 N.E.2d 882, 884 (1977). The sentencing judge is vested with wide discretion in making a reasoned judgment concerning the appropriate penalty. *People v. O'Neal*, 125 Ill. 2d 291, 297, 531 N.E.2d 366, 368 (1988). Here, defendant was found guilty of counts II and III (possession of a controlled substance with intent to deliver), and count IV

(attempted possession of a controlled substance with the intent to deliver). Defendant was sentenced to concurrent terms of 15 years in the Illinois Department of Corrections and 3 years' mandatory supervised release on counts II and III, as well as 15 years in the Illinois Department of Corrections with 2 years' mandatory supervised release as to count IV. The possible ranges of sentences available were as follows: on counts II and III, from 6 to 30 years pursuant to the Controlled Substances Act (720 ILCS 570/401(a)(2)(A) (West 1994)), and on count IV, from 4 to 15 years pursuant to the Unified Code of Corrections (730 ILCS 5/5—8—1(a)(4) (West 1994)). Here, defendant received only half of the possible maximum sentence. Moreover, the record indicates that the trial court considered defendant's background, as well as mitigating and aggravating factors in determining the sentence. Defendant fails to present a persuasive argument supported by legal authority that warrants disturbing the sentence on appeal.

For the aforementioned reasons, we affirm the decision of the trial court. As part of our judgment, we grant the State's request that defendant be assessed $150 as costs and fees for this appeal.

Affirmed.

CAMPBELL, P.J., and WOLFSON, J., concur.