84 P.3d 560

STATE of Idaho, Plaintiff–Respondent,

v.

Luis Angel BARRAZA–MARTINEZ,
Defendant–Appellant.

No. 28662.

Court of Appeals of Idaho.

Sept. 10, 2003.

Review Denied Feb. 6, 2004.

Molly J. Huskey, State Appellate Public Defender; Paul S. Sonenberg, Deputy Appellate Public Defender, Boise, for appellant. Paul S. Sonenberg argued.

Hon. Lawrence G. Wasden, Attorney General; Karen A. Hudelson, Deputy Attorney General, Boise, for respondent. Karen A. Hudelson argued.

PERRY, Judge.

Luis Angel Barraza–Martinez appeals from the judgment of conviction entered by the district court after a jury found him guilty of trafficking in cocaine. We affirm.

# I.

## FACTS AND PROCEDURE

On January 31, 2001, law enforcement officers conducted a controlled purchase of cocaine. In accordance with prior arrangements, an undercover officer waited at a local restaurant for a drug dealer from whom to purchase 3 ounces of cocaine for $2,250. The drug dealer and Barraza–Martinez arrived and were greeted at the restaurant by the undercover officer. While all three sat at a booth, the conversation turned to the potential for future drug sales and the quantities, prices, and availability of drugs. During this conversation, the drug dealer and Barraza–Martinez consulted each other in Spanish. The drug dealer passed to the undercover officer three containers of cocaine in exchange for $2,250 in cash. The drug dealer and the undercover officer again discussed quantities and prices for future drug buys and agreed to meet again for the sale of a larger amount of cocaine.

On February 9, 2001, the undercover officer met the drug dealer and Barraza–Martinez in the parking lot of a restaurant to purchase more cocaine. The three entered the restaurant, sat at a table, and discussed future drug sales. A few minutes into the conversation, the undercover officer initiated the pre-planned drug transaction by producing a bag of money. Barraza–Martinez removed from his coat a black bag containing approximately 9 ounces of cocaine and gave the bag to the drug dealer. In exchange for $6,750 in cash, the drug dealer gave the bag of cocaine to the undercover officer.

For his part in the second drug transaction, Barraza–Martinez was charged with, and found guilty by a jury of, trafficking in 200 grams or more of cocaine by delivery. I.C. § 37–2732B(a)(2)(B). Pursuant to I.C.R. 29(c), Barraza–Martinez filed a motion for judgment of acquittal. The district court denied the motion, entered a judgment of conviction, and sentenced Barraza–Martinez to a ten-year term of imprisonment, with five years fixed.

On appeal, Barraza–Martinez argues that the district court erred when it denied his motion for judgment of acquittal. Barraza–Martinez contends that I.C. § 37–2732B(a)(2) requires the state to prove beyond a reasonable doubt that he knew that the quantity of cocaine he delivered was 28 grams or more and that the state failed to do so.

# II.

## ANALYSIS

Idaho Criminal Rule 29 provides that when a verdict of guilty is returned, the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912–13, 908 P.2d 1211, 1219–20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct.App.1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct.App.1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct.App.1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera–Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

Idaho Code Section 37–2732B(a)(2) provides:

Any person who knowingly manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, twenty-eight (28) grams or more of cocaine ... is guilty of a felony,

which felony shall be known as "trafficking in cocaine." If the quantity involved: .

. . . .

(B) Is two hundred (200) grams or more, but less than four hundred (400) grams, such person shall be sentenced to a mandatory minimum fixed term of imprisonment of five (5) years and fined not less than fifteen thousand dollars ($15,000);

Barraza–Martinez contends that I.C. § 37–2732B(a)(2) unambiguously requires the state to prove beyond a reasonable doubt that he knew that the quantity of cocaine he delivered was 28 grams or more and that the state failed to do so. The state argues that the statute is ambiguous in that the word "knowingly" may be read to modify all of the remaining phrases in the statute and may also be read to modify only the subsequent phrase—delivers cocaine. The state asserts that the legislature intended that the prosecution need not prove knowledge of the quantity involved.

■■■ This Court exercises free review over the application and construction of statutes. *State v. Schumacher*, 131 Idaho 484, 485, 959 P.2d 465, 466 (Ct.App.1998). When this Court must engage in statutory construction, it has the duty to ascertain the legislative intent and give effect to that intent. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999). To ascertain the intent of the legislature, not only must the literal words of the statute be examined, but also the context of those words, the public policy behind the statute, and its legislative history. *Id.*

■■■ The statute in question may reasonably be read in the ways suggested by both parties. Although the Idaho appellate courts have never addressed the issue of whether Idaho's trafficking statute requires that the accused know the quantity of the controlled substance, the pattern jury instructions adopted by the Idaho Supreme Court require only that the state prove that the defendant knew the substance was a controlled substance. *See* ICJI 404, 406. Idaho Criminal

Jury Instruction 406, on trafficking in controlled substances, states:

If you find the defendant guilty of [manufacturing] [delivering] [or] [possessing] [name of substance] you must next determine whether the state has proved beyond a reasonable doubt the [weight of the (name of substance)] [number of marijuana plants] [manufactured] [delivered] [or] [possessed] by the defendant.

Instruction 406 further states that, as appropriate, ICJI 406 should be given with ICJI 402, 403, 404, and 405, which define possession of marijuana; possession of a controlled substance, possession with intent to deliver, and possession with intent to manufacture; delivery of a controlled substance; and manufacturing a controlled substance. These instructions require knowledge that the substance involved was a controlled substance, but do not require knowledge of the quantity involved. Thus, once a defendant is found guilty of one of the enumerated drug offenses, including delivery, the state is required to prove the amount of the controlled substance, but not knowledge of the amount.

This view of the trafficking statute is also supported by case law in other jurisdictions. Idaho's trafficking statute is part of the Uniform Controlled Substances Act, a model act initially enacted by the United States Congress and adopted in other states. Upon its adoption, the Idaho legislature included a "uniformity of interpretation" provision, which directs that the Idaho act shall be applied and construed to make uniform the law with respect to the subject of the act among those states that enact it. I.C. § 37–2750.

In other jurisdictions that have adopted either the Uniform Controlled Substances Act or similar statutes, several courts have interpreted their trafficking provisions as requiring the state to prove knowledge of the controlled substance but not knowledge of the actual quantity involved.[1] *See, e.g., Robertson v. State*, 596 A.2d 1345, 1354–55 (Del. 1991) (in the trafficking statute, the legislature intended that knowledge of the amount

1. Barraza–Martinez acknowledges on appeal that he has found no support for his position in the   case law from other jurisdictions.

need not be proven by the state and the word "knowingly" modifies only the possession element of the offense and not the quantity); *Way v. State,* 475 So.2d 239, 240–41 (Fla. 1985) (the word "knowingly" as used in the trafficking statute modifies only the possession element of the offense and not the quantity); *Wiesenberg v. State,* 455 So.2d 633 (Fla.Dist.Ct.App.1984) (for a trafficking conviction, it is sufficient if defendant knew he was selling cocaine even if state did not prove knowledge of the quantity; analogizing trafficking to grand theft where state need not prove that defendant knew the value of the stolen property); *Cleveland v. State,* 218 Ga. App. 661, 463 S.E.2d 36, 38 (1995) (trafficking statute not reasonably subject to the construction requiring that defendant knew or should have known the substance possessed weighed at least 28 grams); *Commonwealth v. Rodriguez,* 415 Mass. 447, 614 N.E.2d 649, 652–53 (1993) (for a trafficking conviction, state need not prove that defendant had actual knowledge of the quantity of the drug); *Commonwealth v. Sweezey,* 50 Mass.App.Ct. 48, 735 N.E.2d 385, 390–91 (2000) (in a trafficking prosecution, the state need not prove that the defendant had actual knowledge of the quantity of the drug). *See also People v. Echols,* 282 Ill.App.3d 185, 217 Ill.Dec. 850, 668 N.E.2d 35 (1996); *State v. Papadakis,* 643 N.W.2d 349 (Minn.App.2002). We agree with these jurisdictions and hold that the state need not prove the defendant's knowledge of the quantity of cocaine to sustain a trafficking conviction under I.C. § 37–2732B(a)(2).

### III.

### CONCLUSION

Knowledge of the quantity of cocaine delivered under I.C. § 37–2732B(a)(2) is not an element of the crime of trafficking in cocaine. Accordingly, Barraza–Martinez's judgment of conviction for trafficking in cocaine is affirmed.

Chief Judge LANSING and Judge Pro Tem SCHWARTZMAN, concur.