# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 50154

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed:  May 22, 2024** |
| Plaintiff-Respondent, | ) |
| | ) **Melanie Gagnepain, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JEREMY LOUIS SMITH, | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Patrick Miller, District Judge.

Judgment of conviction, <u>affirmed</u>; order denying Idaho Criminal Rule 29 motion for acquittal, <u>affirmed</u>.

Erik R. Lehtinen, State Appellate Public Defender; Jenny C. Swinford, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Raúl R. Labrador, Attorney General; John C. McKinney, Deputy Attorney General, Boise, for respondent.

_____

HUSKEY, Judge

Jeremy Louis Smith appeals from his judgment of conviction for felony trafficking in heroin, felony possession of a controlled substance, a persistent violator enhancement, misdemeanor possession of a controlled substance, and misdemeanor possession of drug paraphernalia.  On appeal, Smith argues the district court erred in denying his motion for judgment of acquittal for two reasons.  First, Smith argues there was insufficient evidence to prove he had possession and knowledge of the substances and the paraphernalia.  Second, as to the trafficking count, Smith argues the State did not provide substantial evidence on the knowledge element, i.e., that Smith knew the substance was heroin.  For the reasons set forth below, the judgment of conviction and the order denying Smith's Idaho Criminal Rule 29 motion for acquittal are affirmed.

1

# I.

## FACTUAL AND PROCEDURAL BACKGROUND

Officer Williams went to Smith's home to meet with Smith. Officer Williams had been to the home in the past and knew there was a surveillance camera set up for the front of the house. Officer Williams also knew the house had a front porch that wrapped around to the back, where there was a porch and a back door. As Officer Williams walked around to the back of the house, he noticed a garbage can with no lid. Laying inside the garbage can was a digital scale. Officer Williams removed the scale and noticed an Arizona Iced Tea can, which he knew from past experience could have a removable screw top and could be used to conceal contraband. Officer Williams removed the can, unscrewed the top, and saw items he believed to be controlled substances. The substances tested positive for heroin, methamphetamine, and marijuana.

The State charged Smith with felony trafficking in heroin, two grams or more, Idaho Code § 37-2732B(a)(6)(A) (Count I); felony possession of a controlled substance, methamphetamine, with the intent to deliver, I.C. § 37-2732(a) (Count II); misdemeanor possession of a controlled substance, marijuana, I.C. § 37-2732(c) (Count III); and misdemeanor possession of drug paraphernalia, a metal can and/or scale, I.C. § 37-2734A (Count IV). The State then filed an information part II alleging Smith is a persistent violator, I.C. § 19-2514.

A jury trial was held, at which the State called three witnesses: Officer Williams, Officer Bromgard, and a forensic scientist. Officer Williams testified that he went to a house to meet with Smith. Because Officer Williams had been to the house before, he knew Smith installed surveillance cameras on the front of the house. Officer Williams did not want to be on surveillance video, so he approached the back of the house. When he was at about the middle of the driveway, Officer Williams saw Smith inside the residence through a window. Officer Williams testified that when he approached the house, he was identifiable as an officer by his uniform, he and Smith made eye contact through a window, and he knocked on the back door and asked Smith to answer it. Officer Williams testified that Smith disappeared inside the residence, and he did not see Smith or anyone else inside the residence after that.

While standing on the back porch, Officer Williams testified that he noticed a black trash can with no lid on it. Officer Williams' attention was drawn to the trash can because, when he looked down, he saw what appeared to be a digital scale. Officer Williams testified the digital scale was significant because "[s]mall digital scales like that are typically used to scale and weigh

2

illegal substances." The scale was "just in the top and it was sitting vertically." Officer Williams took the scale out of the trash can and then saw an Arizona Iced Tea can in the trash can. Based on his training and experience, Officer Williams knew those cans can be used to store contraband. Officer Williams testified that "I removed the Arizona Iced Tea can from the trash bin. Its weight was off. It was solid. And the lid of that can [be] unscrewed." Officer Williams unscrewed the lid of the can and saw three separately bagged items which he believed to be controlled substances. He believed the substances were marijuana, heroin, and methamphetamine.

Officer Williams also noticed a surveillance camera hanging next to the back porch, concealed inside a bird house. Officer Willams observed the camera was pointed at an angle in the general direction of the trash can and believed it was also covering the back door and the driveway. Officer Williams disconnected the camera and heard a chime from inside the residence.

The State's second witness was Officer Bromgard, who responded to the back porch of the house to collect the drugs and paraphernalia. Officer Bromgard testified that he remained on the porch and driveway area the entire time, never entered the home, and never saw Smith. Next, Officer Bromgard testified the digital scale was significant because "It's used in measuring quantities for selling narcotics"; Smith objected. The district court allowed the testimony for the limited purpose of determining whether the scale was something used in connection with drugs but held the testimony could not be used as evidence of selling drugs. Officer Bromgard testified that he processed and sent the substances to the state lab for testing.

The State's last witness was a forensic scientist who testified he received the three substances, conducted tests, and concluded they were heroin, methamphetamine, and marijuana, respectively. The district court admitted the substances into evidence as State's exhibits 1, 2, and 3. The forensic scientist testified the heroin weighed 5.29 grams.

Because the district court did not allow the State to use the scale as evidence of dealing or evidence that could be used to argue intent to deliver because the testimony was expert testimony and the officer was not disclosed as an expert, the State moved to amend Count II; the district court granted the motion. The State filed an amended information and amended Count II from possession of a controlled substance, methamphetamine, with intent to deliver, I.C. § 37-2732(a), to possession of a controlled substance, methamphetamine, I.C. § 37-2732(c).

Smith then moved for judgment of acquittal pursuant to I.C.R. 29 on all four counts of the amended information. Smith argued, "The State needs other circumstances besides just proximity

in order for the jury to be able to infer constructive possession," and "knowledge [cannot] be inferred under the circumstances." The district court denied the motion, finding:

> [T]he question is whether I can draw any reasonable inferences from the evidence presented that would suggest there was the elements of constructive possession. Not only that there was possession, but there was knowledge and intent to control. And I think there is some reasonable inference that could be drawn from that. I'm not sure it's that strong of a case.
>
> I think there's a--I don't decide a reasonable doubt here. That's not the standard that's presented to me. The standard on Rule 29 is when I draw all reasonable inferences in favor of the State, whether I can say there is some evidence of guilt produced at trial and all of the elements that are left, and I find that there is.

The State rested, and Smith presented no evidence. The jury found Smith guilty of all four counts. Smith admitted to being a persistent violator.

Prior to sentencing, Smith filed another motion for judgment of acquittal pursuant to I.C.R. 29(c), arguing the State's evidence presented at the jury trial was insufficient to sustain his convictions. In his memorandum in support of the motion, Smith argued none of the evidence presented at the jury trial proved Smith had either possession or knowledge of the items found in the trash can. The State objected to the motion, arguing the State presented substantial evidence of possession, knowledge, and intent upon which the jury could have found the elements of the charges beyond a reasonable doubt.

In a written decision, the district court denied Smith's motion on Counts II, III, and IV (the two counts of possession of a controlled substance and possession of paraphernalia) and requested further briefing from the parties on Count I (trafficking in heroin). The district court found with respect to Counts II, III, and IV that "the State presented substantial evidence from which a jury could reasonably infer and find beyond a reasonable doubt that Mr. Smith knew of the presence of the controlled substances and paraphernalia and either had control of them or had the power and intention to control them." As to Count I, the trafficking charge, the district court noted that the offense required Smith to know the substance he possessed was heroin, rather than just believing the substance to be a controlled substance. The district court asked the parties to provide supplemental briefing on the issue of whether the record contained sufficient evidence that Smith knew the substance he possessed was heroin.

In his supplemental brief, Smith argued none of the evidence, including the testimony, presented at trial demonstrated he knew one of the substances in the can was heroin. In its supplemental brief, the State argued the same evidence supporting the inference that Smith knew

4

of the presence of the other contraband also supported an inference that Smith knew one of the substances was heroin.

The district court issued a written order denying Smith's Rule 29 motion for judgment of acquittal. The district court found the evidence, even when interpreted most favorably to the State, was insufficient for the jury to find Smith knew the substance was heroin. However, the district court subsequently concluded knowledge that the substance was heroin was not required to sustain a conviction for trafficking in heroin. Thus, the district court concluded that because the State was not required to prove that Smith knew the substance was heroin, but only that he possessed a controlled substance in a certain amount, there was sufficient evidence from which a jury could conclude beyond a reasonable doubt that Smith trafficked in heroin.

The district court entered a judgment of conviction. Smith timely appealed the denial of his I.C.R. 29 motion for acquittal.

## II.

## STANDARD OF REVIEW

Idaho Criminal Rule 29 provides that the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *State v. Fields*, 127 Idaho 904, 912-13, 908 P.2d 1211, 1219-20 (1995). When reviewing the sufficiency of the evidence where a judgment of conviction has been entered upon a jury verdict, the evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *State v. Herrera-Brito*, 131 Idaho 383, 385, 957 P.2d 1099, 1101 (Ct. App. 1998); *State v. Knutson*, 121 Idaho 101, 104, 822 P.2d 998, 1001 (Ct. App. 1991). We do not substitute our view for that of the jury as to the credibility of the witnesses, the weight to be given to the testimony, and the reasonable inferences to be drawn from the evidence. *Knutson*, 121 Idaho at 104, 822 P.2d at 1001; *State v. Decker*, 108 Idaho 683, 684, 701 P.2d 303, 304 (Ct. App. 1985). Moreover, we consider the evidence in the light most favorable to the prosecution. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001.

5

Idaho Criminal Rule 29 provides that the court, on motion of the defendant, shall order the entry of a judgment of acquittal if the evidence is insufficient to sustain a conviction of the offense. The test applied when reviewing the district court's ruling on a motion for judgment of acquittal is to determine whether the evidence was sufficient to sustain a conviction of the crime charged. *Fields*, 127 Idaho at 912-13, 908 P.2d at 1219-20. The evidence is sufficient to support the jury's guilty verdict if there is substantial evidence upon which a reasonable trier of fact could have found that the prosecution sustained its burden of proving the essential elements of a crime beyond a reasonable doubt. *Herrera-Brito*, 131 Idaho at 385, 957 P.2d at 1101; *Knutson*, 121 Idaho at 104, 822 P.2d at 1001. Evidence is substantial if a reasonable trier of fact would accept it and rely upon it in determining whether a disputed point of fact has been proven. *State v. Severson,* 147 Idaho 694, 712, 215 P.3d 414, 432 (2009).

Thus, the only inquiry for this Court is whether there is substantial evidence upon which a reasonable jury could have found that the State met its burden of proving the essential elements of the charged crimes beyond a reasonable doubt. *State v. Goggin*, 157 Idaho 1, 5, 333 P.3d 112, 116 (2014) In other words, this Court reviews a trial court's ruling on a motion for acquittal for substantial evidence. *Id.* at 4, 333 P.3d at 115. In conducting its analysis, the Court is required to consider the evidence in the light most favorable to the State but will not substitute its judgment for that of the jury on issues of witness credibility, weight of the evidence, or reasonable inferences to be drawn from the evidence. *State v. Adamcik*, 152 Idaho 445, 460, 272 P.3d 417, 432 (2012). The Court exercises free review over questions of law. *Goggin*, 157 Idaho at 4, 333 P.3d at 115.

## III.

## ANALYSIS

### A. Sufficient Evidence Supported Smith's Convictions for Count's II, III, and IV

Smith argues he is entitled to a judgment of acquittal on all counts because the State presented insufficient evidence on the essential elements of his possession and knowledge of the contraband found in the trash can. In response, the State argues sufficient evidence supported the jury's findings that Smith possessed the drugs and paraphernalia, knew he possessed them, and that he either knew what they were or believed they were controlled substances.

To prove Smith committed the four drug-related offenses, the State was required to prove beyond a reasonable doubt that Smith either actually or constructively possessed the items found in the trash can. I.C. §§ 37-2732B(a)(6)(A), -2732(a), -2732(c), -2734A; *State v. Southwick*, 158

6

Idaho 173, 178, 345 P.3d 232, 237 (Ct. App. 2014). To prove constructive possession, knowledge, and control of the controlled substance must be independently proven beyond a reasonable doubt by either circumstantial or direct evidence. *Southwick*, 158 Idaho at 173, 345 P.3d at 237. Thus, for the heroin, methamphetamine, and marijuana offenses, the State was required to prove Smith knew he possessed either the specific substances or that the substances were controlled substances.[1] For the drug paraphernalia charge, the State was also required to prove Smith possessed the drug paraphernalia with the intent to store and/or prepare a controlled substance. I.C. § 37-2734A.

Constructive possession of a controlled substance exists where a nexus between the accused and the substance is sufficiently proven so as to give rise to the reasonable inference that the accused was not simply a bystander but, rather, had the power and intent to exercise dominion and control over the substance. *Southwick*, 158 Idaho at 178, 345 P.3d at 237. Circumstantial evidence, other than the mere fact of possession, may be used to find the requisite knowledge and control. *Id.* Examples of such circumstantial evidence can include:

> the manner in which the drug was wrapped, stored, or carried; attempts to conceal, dispose of, or destroy the contraband; attempts to avoid detection or arrest; the presence of drug paraphernalia; the possession of other contraband or cutting agents; indications that the defendant was under the influence of drugs; the presence of fresh needle marks; as well as the proximity, accessibility, and location of the contraband.

*Id.*

Evidence that a defendant has a possessory interest in the premises on which drugs are found has often been held to establish possession of an illegal or controlled substance. *State v. Warden*, 97 Idaho 752, 754, 554 P.2d 684, 686 (1976). Control of the premises in which the drugs are found can also be used to infer knowledge of the presence of drugs. *See Southwick*, 158 Idaho at 178, 345 P.3d at 237.

---

[1] For the trafficking in heroin charge, the parties agree the State was required to prove Smith knew the substance was heroin, albeit for different reasons. Smith asserts knowledge that the substance was heroin is required by the plain language of the statute. The State asserts that, for purposes of Smith's challenge on appeal, there must be sufficient evidence that Smith knew the substance was heroin because the jury was instructed that such knowledge is an element of the offense. Because the parties do not dispute the element of knowledge for purposes of this appeal, we need not address Smith's statutory argument. However, the sufficiency of the evidence for the trafficking in heroin charge will be addressed in the second section of the opinion.

Smith argues the State failed to prove any of the necessary elements for constructive possession because the State did not establish a nexus between Smith and the items in the trash can to prove he was more than a bystander or in mere proximity to the items. Smith contends the only evidence of constructive possession is Officer Williams' testimony, which was insufficient for an inference that Smith had the power and intent to exercise control over the scale, the can, and the controlled substances inside. Smith also contends the State presented insufficient evidence of Smith's knowledge of the items in the trash can. The State argues there was substantial evidence to support Smith's convictions for the drug-related offenses because there was a nexus between Smith and the contraband found in the trash can.[2]

### 1.    Knowledge

In denying Smith's motion for acquittal on Counts II, III, and IV, the district court issued a written order holding that upon review of the trial record, the State presented substantial evidence from which a jury could reasonably infer beyond a reasonable doubt that Smith knew of the presence of the controlled substances and paraphernalia, and either had control of them, or had the power and intention to control them. To support its conclusion, the district court wrote:

> The evidence that supports an inference that Mr. Smith knew about the contraband are the presence of the camera on the back porch, the way the drugs were packaged, and the scale found in the same trash can. Similarly, the evidence that supports Mr. Smith had the power and intention to control the contraband are his exclusive possession of the house, the way the camera was pointed covering the back porch and the trash can, and the intentionally deceptive packaging of the contraband. Finally, the evidence that supports an inference that Mr. Smith knew the items in the tea can were controlled substances are the adjacent scale, the location of the camera, and his exclusive control of the property.

(Internal footnote omitted.)

We agree with the district court that the State presented sufficient evidence to sustain the jury's finding that Smith was guilty of Counts II, III, and IV. Here, the uncontroverted evidence was that Smith was the sole occupant of the house and had exclusive control of the premises at the time Officer Williams discovered the controlled substances and paraphernalia. Exclusive control of the premises is a basis upon which the jury could infer Smith's knowledge of the controlled

---

[2]    In a pretrial conference, the district court ruled the State could not use evidence that Smith disappeared inside the residence as evidence of his guilt. However, the district court allowed the State to present testimony that Smith and Officer Williams saw each other and made eye contact, Officer Williams knocked on the door, and Smith never answered the door.

substances. The jury could also consider the location and presence of the camera that surveilled the garbage can--a camera that was linked to Smith as evidenced by the audible chiming notification when Officer Williams disconnected the camera. From this evidence, the jury could infer Smith's knowledge of the items based on his intent to monitor them with a surveillance camera. The jury could also consider the way in which the substances were packaged and concealed inside the Arizona Iced Tea can to infer that Smith knew about the substances, that they were different from each other, and that each drug was a controlled substance. The jury could also consider the evidence that Officer Williams made eye contact with Smith, but Smith never answered the door or otherwise acknowledged Officer Williams' presence. Finally, the jury could consider the presence of the scale and infer that Smith used the scale to weigh the controlled substances, thereby indicating Smith's knowledge of the controlled substances.

### 2. Possession

Much of the same evidence that establishes knowledge also establishes possession. Here, the jury could find that Smith constructively possessed the controlled substances because Smith was not a mere bystander but, rather, Smith exercised dominion and control over the controlled substances and the scale. *Southwick*, 158 Idaho at 178, 345 P.3d at 237. For example, the jury could reasonably infer that because Smith had previously set up a surveillance camera on the front porch, Smith was responsible for setting up the surveillance camera on the back porch. Additionally, When Officer Williams disconnected the camera, there was an audible chime that came from inside the house; the inference is that Smith was notified the camera had been disarmed. A jury could reasonably infer that Smith set up the cameras to monitor the presence of the controlled substances, thereby indicating his ability to exercise dominion and control over the substances. In sum, the evidence showed, at a minimum, that Smith had the power and intent to control the items in the trash can. In either instance, the State presented substantial evidence of the nexus between Smith and the substances.

As to the scale or the can, not only did the State have to show that Smith possessed either or both of the items and knew of their presence; the State also had to show Smith possessed the can or the scale "intending . . . to store and/or prepare a controlled substance." In addition to the above evidence establishing knowledge and possession, there was also substantial evidence presented that not only was Smith intending to store the substances in the Arizona Iced Tea can, but he was actually doing so. As to the scale, Smith does not challenge that it is a weighing device.

9

In this case, evidence demonstrated a sufficient nexus between Smith and the contraband found in the trash such that a jury could convict Smith of Counts II, III, and IV. Therefore, the district court did not err in denying his motion for acquittal on Counts II, III, and IV.

**B.     The Evidence Was Sufficient to Convict Smith of Trafficking in Heroin**

Smith argues the district court erred in denying his motion for acquittal on Count I, trafficking in heroin, when it found the State presented no evidence that Smith knew he possessed heroin. The State argues the evidence was sufficient to establish Smith knew the substance was heroin.

Although the district court concluded knowledge of the specific substance is not required under the trafficking in heroin statute, the parties agree, albeit for different reasons, that in this case, the State was required to prove the substance in the trafficking charge was heroin. The sufficiency of the evidence must be determined based upon the jury instructions given. *See Bolognese v. Forte*, 153 Idaho 857, 867 n.6, 292 P.3d 248, 258, n.6 (2012). Thus, the issue on appeal for Count I is whether there was sufficient evidence to support a finding beyond a reasonable doubt that Smith knew the substance was heroin.[3]

To find sufficient evidence to sustain a conviction for drug trafficking, the defendant must have knowledge as to his actual or constructive possession of the enumerated substance. *State v. Henry*, 138 Idaho 364, 368, 63 P.3d 490, 494 (Ct. App. 2003); *see State v. Sanchez-Castro*, 157 Idaho 647, 649, 339 P.3d 372, 374 (2014); *see also State v. Barraza-Martinez*, 139 Idaho 624, 625-26, 84 P.3d 560, 561-62 (Ct. App. 2003). In *Henry*, a defendant was arrested and charged with trafficking after obtaining a clear plastic package containing a white powdery substance from an undercover detective during a sting operation. *Henry*, 138 Idaho at 366, 63 P.3d at 492. This Court found the knowledge element of the drug trafficking statute was met because: the defendant observed the white color and powdery texture from the packet's contents; stored the packet behind the driver's seat of his vehicle to conceal it; attempted to avoid detection by twice looking around and checking for any onlookers; and placed the packet on his person by placing it in his pocket. *Id.* at 368, 63 P.3d at 494. Further, Henry stated that he believed he took possession of either

---

[3]     We need not address the issue of whether knowledge of the specific substance is an essential element of the trafficking in heroin statute, as the State concedes this Court must review the sufficiency of the evidence based on the jury instructions. Because the jury was instructed that knowledge of the specific substance was heroin, we limit our analysis to that question.

cocaine or methamphetamine and that he did not "do the stuff," but he would give it to his brother who suffered from a brain tumor. *Id.*

Smith argues that because the State did not present sufficient evidence that Smith knew the substance was heroin, this Court must vacate the district court's judgment of conviction for trafficking in heroin and remand the case for a judgment of acquittal on the charge. The State argues there was sufficient evidence that Smith knew the substance was heroin. The State reasons that because the drugs in the tea can were packaged separately, the logical conclusion would be that the possessor of those drugs knew they were different from each other as well as what each drug was. We agree that, based on the totality of the evidence presented, the jury could reasonably infer that Smith knew what the different substances were, including that one of the substances was heroin. The evidence demonstrated that Smith was involved in the drug trade, including the presence of a scale used in connection with drugs hidden with the contraband concealed in the Arizona Iced Tea can. The officer who discovered the drugs in the can visually identified them as heroin, methamphetamine, and marijuana. Each item of contraband was separately admitted into evidence after being identified by the forensic lab examiner who tested each one. Each substance is unique in appearance, and the separate exhibits containing each substance were published to, and examined by, the jury. This evidence was sufficient for the jury to conclude that Smith, like the officer who also had experience with illegal drugs, knew precisely what kinds of drugs were concealed in the Arizona Iced Tea can, including that one of the drugs was heroin.

The evidence in the record and reasonable inferences therefrom are sufficient to establish Smith's knowledge of the heroin in the Arizona Iced Tea can under I.C. § 37-2732B(a)(6)(A). Therefore, the district court's order denying Smith's motion for acquittal on Count I is affirmed.

### IV.

### CONCLUSION

The district court did not err in denying Smith's motion for acquittal on Count's I, II, III, and IV because there was sufficient evidence to support the jury's guilty verdict. Thus, the judgment of conviction is affirmed.

Chief Judge GRATTON and Judge LORELLO, **CONCUR**.